396 SUPREME COURT OF WISCONSIN,

The Territory of Wisconsin vs. Doty et al.

## The Territory of Wisconsin vs. Doty and others.

1. Petit Jurors — Venire. Where the whole number of petit jurors provided by law were not summoned, while the court may award a venire for a sufficient number of talesmen to make up the deficiency, yet, the court is not bound to do so at the request of a party to a cause about to be tried, but will be governed in that respect by the nature and amount of business pending.

2. Drawing Jury. Where there is no statute requiring it, it is not error for the court to refuse to permit a jury in a civil cause to be selected by placing the names of all the jurors on separate pieces of paper and drawing them by lot.

3. Separation of Jury, etc. It is common practice to allow the jury in the trial of a civil case, to separate during the recess of court, and it is not necessary that they should be kept together under the charge of a sworn officer, and although it is proper that the court should caution them against the approaches or intrigues of dishonest or ignorant persons, yet the omission to do so is not error.

4. Witness — Privilege. A competent witness cannot be excused from answering a question relevant to the issue, on the ground that his answer to such question may establish or tend to establish that he owes a debt or is subject to a civil suit, and it is error to allow such an excuse to prevail.

5. Exceptions. The rulings of the district court admitting evidence cannot be reviewed unless the evidence objected to, is incorporated in a bill of exceptions.

6. Motion for New Trial — Costs. Where a verdict is set aside and a new trial is granted, on the ground that the verdict is against the law it should be done unconditionally and without terms.

7. Judgment against Territory, etc. A judgment cannot be rendered against a sovereignty, unless express authority therefor is given by law.

8. Territory not Suable. By the organic act creating Wisconsin Territory, a government was created subject to the control of and immediately connected with the government of the United States, and for all necessary purposes of government, it is as a sovereignty, can maintain actions in the courts within its limits, but cannot be sued in such courts unless a statute expressly authorizes it; nor can judgment be rendered against it in an action which it has instituted, for costs.

9. Territorial Enactments. Laws passed by the legislative assembly of the Territory and approved by the governor, are valid and operative until annulled by the disapproval of congress.

ERROR to the District Court for *Walworth* County.

The action was commenced in the district court for Iowa county in 1839. The declaration was in *case* and contained three counts. The first count charged that the act of congress organizing Wisconsin Territory appropriated $20,000 to the Territory to be applied by the governor and legislative assembly in the erection of public buildings, etc.; that the seat of government was located by act of assembly at Madison, which also provided that three commissioners of public buildings should be selected by joint ballot of both houses, whose duty it should be to cause public buildings to be erected, and they were authorized to draw from the treasury of the United States such sums as had been or might be afterward appropriated for that purpose; and it averred that on the 7th of December, 1836, the defendants *Doty, O'Neil* and *Bird* were duly elected commissioners of public buildings, and that afterward and on the 1st of February, 1837, they drew and received from the treasury of the United States $20,000, to defray the expense of erecting public buildings, knowing the same to be the property of the Territory, and that the defendants neglected and refused to expend said money in defraying the expenses of erecting public buildings at the seat of government, although they received it for that purpose and no other, but converted the same to their own use.

The second count alleged that congress by act of June 18, 1838, appropriated $20,000 for completing the said public buildings, and that the same or so much thereof as should be necessary for that purpose, should be expended according to the act of the legislative assembly establishing the seat of government, approved December 30, 1836; and that on July 1, 1838, the defendants drew and received from the treasury of the United States the last mentioned sum of $20,000, well knowing it to be the property of the Territory, and had neglected and refused to expend the same in defraying the expenses of completing said public buildings, although they received the same for that pur-

pose and no other, but converted and disposed of the same to their own use.    The third count was for the trover and conversion of $40,000.

*Doty* and *Bird* pleaded in abatement that the plaintiff was a Territory and not a sovereign State, and as such, was not capable of suing and being sued, etc., to which the plaintiff demurred generally.    *O'Neil* demurred generally to the declaration.

The district court for Iowa county overruled the plea in abatement and the demurrer of *O'Neil* to the declaration. *Doty* and *Bird* then asked leave to file a general demurrer to the declaration, which was refused.    The defendants then separately pleaded the general issue, and gave notice of special matter.

At the September term, 1841, on application of the defendants, the venue was changed to Walworth county. At the October term, 1841, of the district court of Walworth county, the defendants moved the court to dismiss the cause, because :

1. The suit was not brought in the proper court, having jurisdiction.

2. The suit was not brought by any person authorized by law to bring the same.

3. There was no authority of law for bringing and prosecuting the suit.

4. The venue ought not to have been changed to a county out of the district in which the action was commenced.    The court overruled the motion.    The cause was tried at the April term, 1843, and in the progress of the trial, the plaintiff's counsel excepted to the following decisions of the court: In refusing to award a special venire, when a full panel of jurors did not appear ; in refusing to order a ballot for the jurors to try the cause ; in refusing to compel Morrison, a witness for defendant, to answer a question put by plaintiff's counsel, and in sustaining an objection of the defendant's counsel to a question asked Mills, a witness for plaintiff, "What was the character and kind of funds paid out by

the commissioners of public buildings in the erection of the capitol?" Stating that they expected to prove that they had paid out a depreciated currency; and in permitting the defendants to read in evidence to the jury, certain extracts from the journal of the territorial council. The jury found for the defendants, and the plaintiff moved for a new trial. 1. Because the verdict was against the law. 2. Because the verdict was against the evidence. A new trial was granted on condition that the plaintiff should pay the costs. At a subsequent day in the term, it appearing that the costs had not been paid, judgment was rendered against plaintiff for the costs of the action. The facts in relation to the exceptions taken during the trial are stated in the opinion of the court. The record does not show that the reasons assigned for a new trial were made part of the record by bill of exceptions; nor that the terms imposed in granting the motion were excepted to in the court below. The Territory sued out a writ of error, and assigned errors as stated in the opinion of the court.

*J. G. Knapp* and *J. H. Knowlton*, for plaintiff in error.

1. A new venire should have been awarded. Hob. 235. The panel of the jury means, not the twelve who shall try the cause, but the whole thirty-six. The plaintiff was entitled to a full panel of thirty-six, and the court ought either to have issued the venire, or attached the absent jurors. Stat. Wis. 271, § 34; *Rex v. Edmonds*, 4 Barn. & Ald. 472; Bull. N. P. 397; *United States v. Haskel*, 4 Wash. C. C. 412.

2. It may be that the practice of balloting has not prevailed in this country, but if upon principles of law it should, then this court should establish the rule. Bull. N. P. 304; 16 Vin. Abr. 216, title "Trial" d. and c. 2. This was under Stat. 7 and 8 Wm. III. The organic law secures the right of proceedings according to the course of the common law. The rule contended for was established in the case of *Robinson v. Campbell*, 3

Wheat. 221; 1 Bald. Cir. C. 557. English statutes which extended to the colonies, or were adopted by practice or by legislation before the revolution, are a part of the common law. *Withers v. Keeler*, 11 Serg. & R. 273; *United States v. Mundell*, 6 Call. 258; 4 id. 98.

4. The court erred in refusing to compel Morrison to answer the question put to him. Stat. of Wis. 249, § 7. The principle of this statute prevailed at common law. *Ex parte Chamberlain*, 19 Ves. 480; *Black v. Crouch*, 2 Lit. 226; *Baird v. Collins*, 4 Serg. & R.; *Nants v. Van Swearingen*, 7 id.

5. The court erred in admitting extracts from the journal of the council in evidence. The book bore no evidence that it was published by the public printer or by authority of law. *Leland v. Wilkinson*, 6 Pet. 318.

6. The court erred in requiring the plaintiff to pay costs as a condition of granting a new trial. Where a new trial is granted because the verdict is contrary to law or evidence, it is without payment of costs, which must abide the event of the suit.

7. It was error to render judgment against the Territory for costs. The Territory is itself as sovereign and supreme within the limits of its organic law as a State under its constitution. A suit cannot be sustained against the government, and judgment cannot be given it for costs.

*A. L. Collins* and *T. P. Burnett*, for defendant in error.

1. The record does not show upon what ground the court excused Morrison from answering. Other reasons may be inferred for the decisions. It was contended then, as now, that the question was not relevant to the issue. This was not an action to recover so much money had and received, but to ascertain how much damages the plaintiff had sustained from an alleged misapplication of the plaintiff's money. The true inquiry was, how much the value of the buildings fell short of the money received, and whether this deficiency was occasioned by the tortious neglect or mismanagement of the defendants.

The Territory of Wisconsin vs. Doty and others.

1 Chitty's Plead. 145.   Special damages were not alleged and could not be proven.   14 Wend. 159.

2.  The journal of the council is not made a part of the record by bill of exceptions, so that the court can see whether it was properly admitted.   Error is not to be presumed, and the presumption is that the court ruled correctly.   *Doty v. Strong, ante,* 313.   But if this ruling could be reviewed here, it will be found that it was correct.   1 Stark. 198 ; 7 Johns. 38 ; 5 Term R. 436 ; 1 Cranch, 38.

3.  The practice in this country has been to impose terms. as a condition of granting a new trial.   The matter is entirely in the discretion of the court, and cannot be error.

4.  If the Territory is sovereign, and cannot be reached by execution or other process, it cannot be injured by the judgments against it for costs, and the error complained of is an immaterial one.   But the Territory has no attribute of sovereignty, it is entirely under the control of and dependent upon congress.   If sovereign, it could make its own laws without being questioned by any other power, create and establish its own courts and provide for and create its own officers, executive and judicial, define their duties and limit their term of service.   All enactments of this alleged sovereign power must be submitted to congress, and are of no effect if disapproved by congress.   Organic Act, § 6.

5.  The Territory is not even a corporation, capable of suing in the courts.

MILLER, J.   This case was tried in the district court for Walworth county, where a verdict and judgment were rendered in favor of the defendants.   It is brought to this court by a writ of error, issued at the instance of the Territory.   The errors assigned will be considered in their order.

The first assignment of error is, that the district court erred in refusing to award a *venire facias* to the sheriff to fill the panel of jurors to the number of thirty-six.

The whole number of the petit jury were not summoned by the sheriff, as appeared by his return. By section 35 of the act concerning grand and petit jurors, if for any cause, the whole number of any grand or petit jury should fail to be summoned, according to the provisions of the act, the judge of the court may direct the clerk to issue a *venire* to the sheriff, or other officer, directing him forthwith to summon a sufficient number of talesmen for such grand or petit jury. The court or judge is not obliged to issue this special *venire*, but is to be governed therein by the nature and extent of the business pending. The whole panel very rarely is summoned or in attendance, but the court never awards a special *venire* on this account unless the state or nature of the business in court should require it.

The second assignment of error is, that the court refused to permit, on the motion of the plaintiff's counsel, the jury to be balloted for, by placing the names of all the jurors on separate pieces of paper, and drawing them by lot.

Although this would be a correct practice, and is generally pursued, yet it was not then the practice in the second district; and the statute not requiring it, we will not reverse the judgment for this cause.

The third assignment of error is, that the court allowed the jury to separate during the trial of the cause, without being under the charge of a bailiff, sworn to keep them according to law, and that the court made no order which appears of record, that said jury should not converse with the parties or their agents in relation to the suit, while thus separate ; and that it does not appear by the record that the consent of the plaintiff was obtained for such separation.

It is not necessary that such things should take place, or that they should appear on the record. It is common practice for the jury, in civil suits, to separate during the recess of the court, although it may be proper in the court to caution the jury against the approaches or intrigues

JULY TERM, 1844. 403

The Territory of Wisconsin vs. Doty and others.

of dishonest or ignorant persons, yet an omission to do so is not error.

The fourth assignment of error is, that the court refused to receive testimony in relation to the character and kind of funds paid out by the defendants, as commissioners of public buildings.

This was abandoned by the counsel at the argument.

The fifth assignment of error is, that the court refused to require James Morrison, a witness on the part of defendants, to answer a question put on the part of the plaintiff, on the ground that his answer might tend to establish a civil liability against him and in favor of the Territory.

The record shows that this witness was called by the defendants, and that he testified that he was contractor of the public buildings, and as such contractor received from the treasurer of the commissioners of public buildings, moneys, in the months of June, July and August, 1838. The counsel of the plaintiff then asked the witness "how much money he had so received, and the times of its reception, which question the witness declined answering, for the reason that the answer might tend to establish a civil liability from him to the Territory of Wisconsin in a suit that might be brought against him for a breach of his contract, and the court decided that the witness should not be required to answer the question." By section 70 of the act concerning testimony and depositions, on page 249 of statutes, any competent witness in a cause shall not be excused from answering a question relevant to the matters in issue, on the ground, merely, that the answer to such question may establish or tend to establish that such witness owes a debt, or is otherwise subject to a civil suit. It may be that this question was not relevant to the matter in issue; and if it were not, the court was right in the decision made. But it does not so appear on the record. Both sides seemed to consider the testimony of the witness relevant to the matter in issue, and there is no other reason given for his refusal to

answer, in the decision of the court, but the one above stated, which is not sufficient in law to excuse him. This court has not the whole evidence in the cause, from which we can judge of the relevancy or irrelevancy of this question. We must dispose of the error assigned from the bill of exceptions alone, which affords no further information upon this point than is stated above. Being then confined in our examination to the bill alone, we have to decide that the reason given by the witness for his refusal to answer the question is not, in law, sufficient to excuse him, and that the court should have required the witness to answer. We do not intend to direct by this decision that on another trial the witness shall answer this question whether relevant or not to the issue, but of that the court is to determine, if necessary.

The sixth assignment of error is, that the court admitted as evidence to the jury, various extracts from a pamphlet entitled "Journal of the Council of the First Legislative Assembly of Wisconsin, at the Second Session thereof, begun and held at Burlington on the 6th day of November, A. D. 1837. Published for the Territory by F. J. Munger, 1838. R. P. Brooks & Co., printers, No. 1 Baker street, Cincinnati, O.," which were offered for the purpose of showing the action of the council in relation to the proceedings of the defendants as commissioners of public buildings. The description or title page of the pamphlet is here given, and nothing more. We have not been favored with it, or a copy of it, or of that part which was read in evidence, by which to decide whether it is legal evidence or not. Error is not to be presumed.

The seventh assignment of error is that the court sustained a motion for a new trial made on the ground that the verdict was contrary to law and evidence, on condition of the payment of all the costs by plaintiff. A motion for a new trial is usually addressed to the discretion of the court, and, unless authorized by statute, is not the subject of a writ of error. *Woods v. Young*, 4 Cranch, 237; *Henderson v. Moore*, 5 id. 11; *Bar*

*v. Gratz*, 4 Wheat. 213. Under our statute, questions of law which may arise upon such motion are legitimate subjects of investigation in this court. Generally a court in the exercise of its discretion, in disposing of motions for new trials, can make such order or grant the motion on such terms as may be just. But, when a verdict is set aside on the ground that it is against law and evidence, it should be done *without terms*. It is the duty of the jury to take the law from the court. It is the province of the jury to decide the facts, and of the court to decide the law. And if the jury should disregard the charge of the court upon the law of the case, it is the duty of the court to set aside the verdict *unconditionally*. And if it should appear that the court has misdirected the jury as to the law, the verdict should also be set aside by the court unconditionally. When the jury has disregarded the charge of the court, justice can only be done by setting aside the verdict and allowing a second trial, for an error of the jury cannot be reached by writ of error. When the court errs in the law of the case, the supreme court will reverse the judgment and direct that a *venire facias de novo* issue without terms, unless it plainly appears by the record that the plaintiff cannot recover under any circumstances. For this reason, the court that decides a cause, when convinced of error in the law, should order a new trial unconditionally.

The eighth assignment of error is that the court entered judgment against the plaintiff. It is a general rule that a judgment cannot be rendered against a sovereignty, unless authority therefor is given by law. The United States never pay costs, nor can a court enter a direct judgment or decree against the United States for costs and expenses in a suit, to which the United States is a party, either on behalf of any suitor or any officer of the government. *United States v. Barker*, 2 Wheat. 395 ; *The Antelope*, 12 id. 546. The sovereignty of this section of the north-western territory is yet in the United States, and in pursuance of that clause of the Constitu-

tion giving to congress the power to dispose of, and make all needful rules and regulations respecting, the territory of the United States, the act establishing the territorial government of Wisconsin was passed.   By that act a government was established or created, composed of executive, legislative and judicial branches.   The governor is commander-in-chief of the militia, is to approve of laws passed by the legislature, can grant pardons, can commission officers, and shall take care that the laws be faithfully executed.   The legislative power extends to all rightful subjects of legislation.   But the laws of the governor and legislative assembly shall be submitted to, and if disapproved by the congress of the States, the same shall be null and of no effect. That is, the laws passed by the legislature are valid until annulled by the disapproval of congress.   The judicial power of the Territory is vested in a supreme and other courts, which possess chancery and common law jurisdiction.   They are courts of record.   And the district courts possess the same jurisdiction in all cases arising under the constitution and laws of the United States, as is vested in the circuit and district courts of the United States.   Writs of error and appeals from the final decisions of the supreme court are allowed to the supreme court of the United States in cases exceeding in amount $1,000. Hence it is apparent, that by this law, a municipal corporation, or government, is created, subject to the control of and immediately connected with the government of the United States.   By virtue of its incorporation, and as a necessary means of protecting its rights in all contracts, the Territory can maintain an action in the courts within its limits.   By virtue of its incorporation, all the powers and functions of a sovereignty exist — subject only to the supervision and control of the general government.   The officers in all branches of the government of the Territory are entitled to similar rights and privileges, and are subject to similar pains and penalties, to those of a sovereign State.   And similar provisions are made for the settlement

and adjustment of claims against the Territory, and for the disbursement of territorial funds, to those in existence as a sovereign State. For all necessary purposes of government, Wisconsin is as a sovereignty, and should be entitled to the same immunities. It is a Territory of the United States, and is considered thereby a part of the United States or immediately connected therewith. For these reasons we come to the conclusion, that the Territory of Wisconsin cannot be sued in the courts of the Territory in the absence of express authority of law for that purpose. The judgment against the Territory for the costs expended by the defendants in this case must be reversed.