MOSES VAN VALKENBURGH, Appellant.

*vs.*

ALFRED HOSKINS, Respondent.

APPEAL FROM ROCK CIRCUIT COURT.

This court will not interfere to reverse the order of the circuit court, grant-
ing a new trial upon the evidence, unless there is manifestly a gross abuse
of discretion.

This is an appeal from an order of the circuit court grant-
ing a new trial.

The action was trover, commenced before the code, but
tried after its adoption. The declaration was in the usual
form, and the plea the general issue. The evidence on the
trial was quite voluminous, and somewhat conflicting. The
action was brought by the plaintiff who claimed title under a
sale or pretended sale from Solomon & Somlander, against
the defendant who claimed title as sheriff under and by vir-
tue of several writs of attachment issued on behalf of credit-
ors against the said Solomon & Somlander. It was claimed
on the part of the defendant below, that the sale by Solomon
& Somlander to the plaintiff was fraudulent and void as to
such creditors; and this constituted the main issue to be tried.

The jury found for the plaintiff, and on motion of the de-
fendant, the court set aside the verdict and granted a new
trial, from which order the plaintiff appealed.

*Bennett & Bates*, for the appellant.

The only question in this case is, whether the court below
erred in setting aside the verdict of the jury and granting a
new trial. We say he did; even taking the law, precisely as

Van Valkenburgh vs. Hoskins.

given by the Court in the opinion granting the new trial. The question of fact submitted to the jury was, whether the purchase made by the plaintiff of a stock of goods of P. Soloman & Co., was made for the purpose of defrauding or hindering and delaying the creditors of P. Solomon & Co., and whether the plaintiff was privy to such fraudulent intent. This question of fact was fully and fairly submitted by the court to the jury upon its merits, and they in the free exercise of a sound judgment have passed upon it, finding that there was no such fraudulent intent. This question of fraud, in the language of the judge who tried the cause, " is purely a question of fact, which is the peculiar province of the jury to decide;" and the court, in setting aside their finding, invaded their peculiar province. The evidence was somewhat conflicting, but we think, clearly preponderated in favor of the plaintiff. But even admitting that the weight of the evidence, in the opinion of the judge who tried the cause, is against the verdict, still there being evidence on *both* sides, the court should not have disturbed the finding of the jury. *Ward vs. Centre,* 3 John.'s Rep. 271; *Walker vs. Smith,* 4 Dallas, 389; *Griffith vs. Willing,* 3 Binney, 317; 3 Wash. C. C. Rep. 58; *Ashly vs. Ashly,* 2 Strange, 1142: Anonymous case, 1 Wilson, 12; *Swain vs. Hall,* 3 Wilson, 45; *Lewis vs. Peake,* 7 Taunton, 153; *Hartwright vs. Bodham,* 11 Price, 383; *Carstairs vs. Stein,* Maule & Sel. 192; *Woodward vs. Paine,* 15 John.'s, 4ff3; *Ackley vs. Kellogg,* 8 Cow., 223; *Douglass vs. Tousey,* 2 Wend., 353; *Fowler vs. Ætna Ins. Co.,* 7. Wend., 270; *Baker vs. Briggs,* 8 Pick., 122. All these authorities are directly contrary to the ruling of the court below in granting a new trial.

*H. Conger,* for the respondent.

The motion for a new trial in this case was a motion addressed to the *discretion* of the circuit judge, founded on the

minutes of the judge; and the ground of the motion was insufficient evidence to sustain the verdict. Revised Stat. 754, § 16, He had authority to grant the motion; and in granting it he exercised a discretion which made him the sole judge as to whether the evidence was sufficient. This court will not, therefore, interfere to reverse the order, although it should be of the opinion that the circuit judge erred, unless it is apparent that there has been a *gross abuse* of this discretion. *Davis vs. Ruggles*, 2 Chand. 152; *Moore vs. Lockwood*, 3 id., 41; *State vs. Lamont*, 2 Wis. R., 437; *Cook vs. Helms*, 5 id. 107; *Ford vs. Ford*, 3 id., 399; *Seeley vs. Chittenden* 10 Barb. 303, 308; *Barnes vs. Merrick*, 6 Wis, 57. The abuse of discretion must be so clear and plain as to show, not merely that the circuit judge erred, but that he acted oppressively and corruptly, or that some well-settled rule of law has been violated. There is no pretence that there is error of law in the order granting a new trial; nor does the case show any abuse of discretion, or that the circuit judge acted oppressively or corruptly.

*By the Court*, Cole, J. We do not think there was such an abuse of discretion on the part of the circuit court in granting a new trial in this case, as would authorize this court to reverse that order. It is true, the question before the jury was, whether the sale of the goods in controversy by Solomon & Somlander to the appellant was fraudulent and void as to their creditors, and this question of fact it was the peculiar province of the jury to determine. In the present case a great amount of testimony was introduced on that point, from which the jury were led to the conclusion that the sale was valid. The circuit court, being dissatisfied with the result, set the verdict aside, and ordered a new trial. The circuit courts have an undoubted right, and it is their duty, to grant new

trials where the verdict of a jury is manifestly against the weight of testimony and the clear justice of the case. In passing upon applications for new trials the law requires the circuit court to exercise an enlightened judgment and sound legal discretion. When this is done, this court will not interfere, as we have repeatedly decided. We deem it unnecessary to go through the testimony in this case and disclose whether, in our opinion, it preponderates in favor of the verdict or not. To say the least, the evidence upon the question of fraud is quite conflicting, and the judge who tried the cause, and saw the witnesses upon the stand, and their manner of testifying, might have conscientiously believed that the verdict was against the justice of the case, and that a proper regard for the rights of the parties required that there should be a new trial.

The order of the circuit court granting a new trial is therefore affirmed.