June Term,<br>1860.<br><br>JOHNSTON<br>v.<br>HAMBURGER.

---

## JOHNSTON, impleaded, &c., vs. HAMBURGER.

A summons need not be tested in the name of the judge, nor subscribed by the clerk, of the court in which the action is brought.

When there is any evidence tending to support the action, a motion for a nonsuit should be denied.

In a suit against the parties who sued out and the officer who levied an attachment, the plaintiff may properly ask a witness what the officer said when he made the levy, as his statements are evidence against himself.

If the statements elicited by the question are of such a nature as would not affect the officer himself, but would operate against his co-defendants, *they* may ask the court to instruct the jury not to regard such statements as evidence against them.

A justice of the peace may properly be asked whether a certain suit was once tried before him, as an introduction to other questions designed to impeach a witness by showing what his testimony was on such trial.

The court will not reverse a judgment when there was any testimony upon which the verdict can stand, although in its opinion the testimony preponderated against it.

ERROR to the Circuit Court for *Dane* County.

Action by *Isaac Hamburger* to recover possession of goods alleged to have been wrongfully taken and unlawfully detained from him by the defendants *Reese* and *Johnston*. The summons was signed by the attorneys of the plaintiff, and was not tested in the name of the judge or subscribed by the clerk of the court in which the action was brought. A motion to dismiss the action for that reason was made by the defendants, but was overruled. The answer denied the ex-

June Term,
1860.

JOHNSTON
v.
HAMBURGER.

istence of any such person as *Isaac Hamburger*, and averred that the real name of the plaintiff was Lorenzo Mack, and that the goods were lawfully seized by *Reese* as an officer, under an attachment duly issued against said Mack, at the suit of said *Johnston.*

On the trial, the deposition of Lorenzo Mack was offered in evidence on the part of the plaintiff, and was objected to, but admitted. One of the questions put to Mack by the plaintiff was, "What was said between you and *Reese* at the time he took the goods?" ·An objection to the question was overruled, and the witness answered, "I told *Reese* the goods belonged to *Hamburger.* He said he was authorized by the other defendant to take the goods, whether they belonged to *Hamburger* or not." The witness also testified, among other things, that the goods in controversy belonged to *Isaac Hamburger*, who lived in the city of New York, and that at the time the attachment was levied, *Hamburger* was owner of a grocery in Madison, and the witness was attending to the business as his agent, and was selling goods for him on commission. For the purpose of impeaching Mack by showing that he had previously made statements under oath inconsistent with his deposition, the defendants asked Braley, a police justice, whether a certain action between *Johnston* and *Hamburger* had been tried before him. The question was objected to by the plaintiff, and the objection sustained, but the defendants were afterwards allowed, without objection, to prove by the witness what Mack swore to on the trial referred to. Verdict for the plaintiff. Motion for new trial overruled, and judgment, to reverse which *Johnston* sued out a writ of error.

*J. G. Knapp* and *T. V. Widvey*, for plaintiff in error.

*Welch & Lamb*, for defendant in error.

January 2.

*By the Court*, DIXON, C. J. The motion of the plaintiff in error (defendant below), to dismiss the suit because no proper summons had been issued and served, was properly overruled. The summons was in strict compliance with sections two and three of chapter 124 of the Revised Statutes. Those sections do not require that it shall be tested in the name

of the chief justice or presiding judge of the court in which the trial is to be had, nor that it shall be subscribed by the clerk of such court. The affixing of the seal is expressly dispensed with. The process prescribed by them cannot be regarded as a writ or process "issuing out of the courts of record of this state," within the meaning of chapter 136, and hence the provisions of that chapter are inapplicable to it. The manner prescribed for the commencement of civil actions seems entirely inconsistent with the idea that the summons must be tested in the name of the judge, and particularly that it must be subscribed by the clerk. The sections referred to, specifically direct how they shall be issued and subscribed, and what they shall contain, and we cannot but believe that the legislature intended they should be exclusive in their operation. The provisions of chapter 136 were undoubtedly designed to be applied to those writs and processes which, as a matter of law, must be issued from the courts, and which would otherwise be unprovided for, and not to such as the parties or their attorneys are, without the aid of the courts or their officers, expressly authorized to issue. This seems so obviously to have been the intention of the legislature, that further comment is deemed unnecessary.

Upon the merits of the present controversy, were we permitted to decide upon the facts as they appear to us from the record, we are free to acknowledge that we should come to very different conclusions from those arrived at by the jury. The record discloses many gross and palpable circumstances of fraud, and it is probable that few verdicts are found upon testimony of a more doubtful character. Still, if the witness Mack is to be believed, (and of his credibility the jury, not we, are the judges), it cannot be said that the verdict is entirely unsupported by evidence. The jury have found that he was worthy of credit, and that he testified truthfully. His testimony tends directly, and we may say fully, to sustain the verdict. We cannot therefore set it aside, or reverse the judgment for want of evidence. We cannot interfere with what was so clearly and peculiarly within the province of the jury. We cannot reverse the judgment be-

June Term, 1860.

JOHNSTON v. HAMBURGER.

cause, in our minds, the testimony preponderates against their finding. We can only examine the evidence so far as to ascertain whether there are any facts proved upon which the verdict may reasonably stand, and if there are, it cannot be set aside and a new trial granted, except for errors at law, and of these we are compelled to say that we can discover none which in our judgment will warrant our so doing. Among the numerous exceptions taken, there are none of sufficient weight or substance to authorize a disturbance of the judgment. The argument of the counsel for the plaintiff in error is mostly confined to the facts, and could we follow him into a discussion of them, it is very probable, as we have already said, that we should not differ very widely. But we cannot do this; and aside from this there seems little to talk about. We shall notice but two or three exceptions which seem to have been most strongly relied upon. One is that the deposition and evidence of the witness, Mack, was not excluded because it was alleged in the answer that he was the *Isaac Hamburger* in whose name the action was brought. A sufficient answer to this objection would perhaps be, that if it were admitted that he was the real party plaintiff, he would still be competent. Proof of this fact, at most, would have only been a circumstance tending to throw doubt and discredit upon his standing and character as a witness. It was for this purpose, no doubt, that the averment was made in the answer, and the testimony offered at the trial, and if established to the satisfaction of the jury, it must certainly have been a very strong circumstance against him. But conceding that if proved he would thereby have been rendered incompetent, yet it was a fact to be established to the satisfaction of the court at least, and until that was done, the court could not, upon the mere claim of the answer, exclude his testimony. The substance of the objection appears to be that the court did not do so, which, if it had been done, would have been clearly erroneous.

The motion for a nonsuit was properly denied, for reasons already stated. There was evidence, tending to support the action of the plaintiff, which ought to have been submitted to the jury.

June Term, 1860.

The objection to the question put to the witness Mack, as to what the defendant *Reese* said when he levied upon the goods, was properly overruled. He was a party to the suit, and his statements were clearly admissible against himself. There was nothing in the form of the question which was calculated to elicit evidence of a declaration made by him which might operate against his co-defendants, and at the same time not affect himself. If there had been, it might, on that ground, have been objectionable. After the answer was in, and it was seen that such was its tendency, the defendants should have asked an instruction to the jury that it could not be so considered by them. But this was not done. They contented themselves with objecting to a question which it was impossible for the court at the time to pronounce improper.

The objection to the first question put to the witness Braley, was improperly sustained. It is very clear that parol evidence of the fact that a suit between the parties named had been instituted before the witness as police justice, was admissible, for until it had thus been shown to the court that there was such a suit, it was impossible for the court to say that there was a record, and direct its production. But no injury resulted from this ruling, as the whole matter of the evidence given on the trial of that action was afterwards freely investigated. The defect was therefore cured, and the judgment cannot be reversed on account of it.

Judgment affirmed.