## SMITH VS. WALLACE.

*Evidence.—Reversal of judgment, because verdict contrary to weight of evidence.*

1. In an action against a hotel keeper for the loss of plaintiff's shawl, the person who acted as plaintiff's agent in making demand for the shawl, having described it as a witness for plaintiff, proof of what he had said in describing it at the time of making such demand was admissible for the defendant as independent evidence.

2. The fact that such proof also tended to impeach the agent's testimony, and that no proper foundation had been laid for such *impeaching* evidence, did not render it inadmissible.

3. Where a new trial was denied, if any legitimate construction of the evidence will support the verdict, this court will not interfere, though it may think the weight of evidence was the other way.

APPEAL from the Circuit Court for *Sauk* County.

Action against the defendant as an innkeeper, for the loss of a shawl belonging to plaintiff, and alleged to have been lost while one Herrick, plaintiff's agent, was a guest at defendant's inn, having the shawl with him as a part of his baggage. Plaintiff, who is an attorney at law, having his office at Beaver Dam in this state, testified that he sent Herrick to Baraboo, in Sauk County, to attend to legal business for him, and furnished him with money to pay his expenses, and also "a gentleman's large bay shawl," belonging to plaintiff, to wear ; that Herrick returned in a few days without the shawl, saying it was lost at defendant's hotel in Baraboo, where he (Herrick) stopped during his absence, etc. The deposition of Mr. Herrick, read for plaintiff, stated that in January, 1868, he was sent by plaintiff, as his agent, to Baraboo, where he stayed about two days. *Interrogatory :* "While in said town of Baraboo, where did you stop for accommodations ?" *Answer :* "Stopped at defendant's hotel." Deponent further stated that he "was received into said hotel as a guest, and remained there about two days ;" that he left a shawl in the cus-

tody of a servant or clerk of said hotel; that he never recovered it from the custody of the innkeeper or his servants, or any other person, but it was lost or stolen while in defendant's custody; that said shawl was the property of the plaintiff, and was "a large, fine gentleman's shawl, not as heavy as common," etc. Deponent further said: "After registering my name at said hotel, I took off the shawl, and was about to hang it upon a nail behind the counter, when the clerk or servant of the hotel took the shawl from me, and hung it up for me on a nail or pin behind the counter in the bar room or office. * * After tea, about six o'clock, P. M., I noticed the shawl was gone from said room, and spoke to defendant about it; he stated that he had seen said shawl there during the day, and that he would try to find it. Next morning, when about to leave for home, I spoke to defendant about the shawl again, and he stated that he would find it and forward it to the plaintiff." In his own behalf, defendant testified that Herrick came to his house on the 8th of January, 1868, and some time in the afternoon of that day claimed to have lost a shawl; that he (witness) did not see the shawl. *Question:* "Did you tell Herrick you saw the shawl hanging there." Objection overruled. *Answer:* "I did not." *Question:* "What kind of a shawl did Herrick then state it was?" Objected to, "on the ground that as it was put with the alleged and only purpose to discredit the deponent (Herrick), it was improper, because no foundation had been laid for such impeachment." Objection overruled. *Answer:* "He said it was a small face shawl, and that he hung it upon a nail himself." On cross-examination, the witness said: "Herrick's name was registered the 8th of January, and it was the first name registered that day. Our practice is to register when they come. Where he says he hung the shawl is not where I and my clerk put them; I have had garments to pay for that were put there and lost; my practice is to take them to their

rooms, or a safe place; I told him if he had given it to me it would have been safe. He told me he went to the Wisconsin House the night before, because we were full when he came in, and we had no room for him. I heard the clerks say he did not deliver it to them, and Mr. Herrick did not claim he did; said he hung it on a nail a short distance from the counter, or clerk's desk." The witness also stated that one Morey was his only clerk at the time of the alleged loss. Mr. Morey testified: "I recollect when Mr. Herrick came to defendant's hotel on the evening of the 7th of January. He came on the Portage stage, late in the evening. I told him we were full, and could not keep him. I saw him the next day in the afternoon, when he claimed he had lost a shawl. I did not receive his shawl and hang it up. There was no one else about the house whose business it was to attend at the office. I think he said he staid at the Wisconsin House the night before." Another witness for defendant testified that he heard the conversation between defendant and Herrick, and understood Herrick to say that it was a small face shawl. On cross-examination, he said: " *Wallace* said he did not hang up the shawl, and Herrick said 'No, I hung it up myself, on a nail,' pointing to the nail. *Wallace* told him he would try and find it, and send it to him."

Verdict for the defendant; new trial denied; and plaintiff appealed from a judgment on the verdict.

*Crouch & Huntington*, for appellant, argued that it was error to admit the testimony impeaching the witness Herrick. 6 Wis. 426; 7 Ga. 470; 19 Wend. 441; 25 id. 259; Starkie on Ev. 239. They also contended that it was clear from the evidence that plaintiff's shawl had been hung up behind the defendant's counter (the usual place of deposit for such articles in country inns) under circumstances which rendered defendant liable.

*W. H. Clark*, for respondent, contended that there was a conflict of evidence, and it was for the jury to

decide the questions of credibility (29 N. Y. 471 ; 41 Barb. 194 ; 1 Chand. 33 ; 3 Wis. 645) ; and that what Herrick, as plaintiff's agent, had said at the time, was admissible as original evidence, and binding on plaintiff as a part of the *res gestæ*.    1 Greenl. Ev. § 113 ; Story on Agency, §§ 134, 137.

PAINE, J.    The only legal questions presented on this appeal arise on the rulings of the court, in admitting the evidence of what Herrick said at the time of demanding the shawl, and in refusing to grant a new trial.

The objection to the admission of the evidence was, that it was offered to impeach Herrick by showing that he had made statements about the matter in conflict with the testimony in his deposition ; and that the proper foundation had not been laid for such impeachment, by first calling his attention to it and asking him if he had made such statements.    If the statements had been made subsequent to the transaction to some third party, the objection would be good.    It would then present the ordinary attempt to impeach a witness by showing that he has made statements about the matter in controversy different from those testified to by him.    The rule in such cases is familiar, that as the foundation for such impeaching testimony the witness must first be asked whether he had so stated, so that he may have an opportunity to give such explanation as he may desire.

But here the testimony objected to was admissible as original, independent testimony, upon the ground that the statements in question were a part of the *res gestæ*. They were the statements made by the agent of the plaintiff to the defendant at the very time of demanding the property which he claimed to have lost.    He represented the plaintiff fully in that behalf.    And his statements in relation to the property, made to the defendant at the time of the demand, were original evidence, and admissible as such.    The fact that they may have tended

to impeach Herrick to some extent cannot divest them of their legal quality of evidence upon other distinct grounds. See *R. R. Co. v. Goddard*, 25 Ind. 190, 191.

We cannot interfere with the verdict upon the question of fact. It is not enough that we would not have found such a verdict. The question is, whether, upon any legitimate construction of the evidence, it can be supported. Where this can be done, and the court below has refused a new trial, this court does not interfere, even though it may think the weight of evidence was the other way. Here the plaintiff's case depended entirely on the testimony of Herrick. When asked where he stopped while in Baraboo, he answered, at the defendant's hotel, without mentioning any other place. It appeared, however, from the defendant's testimony, that Herrick staid, the first of the two nights he remained at Baraboo, at another hotel. This fact, together with the one already referred to, that at the time of demanding the shawl he is proved to have said it was a small face shawl, instead of the large one to which he testified, certainly furnishes a foundation upon which the jury might discredit the accuracy of his statements in his deposition. We do not say that they ought to have discredited his evidence upon that account, but that these facts furnish a sufficient reason, where the jury did so, why this court will not interfere with the verdict, the court below having refused to do so.

*By the Court.*—The judgment is affirmed, with costs.