POUND and others vs. ROAN and another.

NEW TRIAL. *When costs to be paid by moving party.*

A verdict should be set aside as against the evidence, and a new trial granted, only upon terms that the moving party pay the costs of the former trial, unless the verdict is a *perverse* one; and an honest verdict, one not apparently influenced by prejudice or passion, though unsupported by a preponderance of the evidence, is not "perverse" within the rule.

APPEAL from the Circuit Court for *Chippewa* County.

Replevin, for a span of horses. Plaintiffs purchased the horses of one E. Allen, who purchased them of one Mahoney. Defendants took them from plaintiffs by virtue of a chattel mortgage on them, executed by Saul & Lally to the defendant *Martin*. When the mortgage was executed, Saul & Lally owned the team; and they had made default in the payment of the debt secured by the mortgage when the defendants took possession thereof. The principal question of fact litigated on the trial was, Had *Martin* authorized Mahoney to sell the team to Allen? The jury found for the defendants. At the same term, on plaintiffs' motion, the court made the following order: " Ordered that a new trial be and the same is hereby granted without costs, on the ground that the verdict is rendered against the weight and preponderance of evidence, and against the instructions of the court."

Defendants appealed from the order.

*Arthur Gough*, for the appellants.

For the respondents, there was a brief by *Bingham & Pierce*, and oral argument by *Mr. Pierce*.

LYON, J. On the vital question in the case, whether Mahoney was authorized by the defendant *Martin* to sell the team to Allen, the testimony is conflicting. It is quite unnecessary to set out the testimony, or even to express an opinion as to its relative weight. It is sufficient to say that, after a careful examination thereof, we find ourselves unable to hold that the learned circuit judge abused the discretion which the law confers upon him in such cases, when he granted a new trial of the action.

But we think the new trial should only have been granted on the terms that the plaintiffs pay the costs of the former trial. Such seems to be the rule where the verdict is set aside because it is against the evidence, unless the verdict is a *perverse* one. *Emmons v. Sheldon*, 26 Wis., 648; 1 G. & W. on New Trials, 601, and cases cited; *Baxter v. Payne*, 1 Pin.. 501; *Carroll v. More*, 30 Wis., 574. An honest verdict,

although unsupported by a preponderance of evidence, is not a *perverse* verdict within the rule. There is nothing in the record before us to justify us in holding that this verdict does not express the honest opinions of the jury, or that it was influenced by prejudice or passion.

*By the Court.* — The order is reversed, and the cause remanded with directions to the circuit court to order a new trial on the terms that the plaintiffs pay the taxable costs of the former trial.

RYAN, C. J., took no part.