Smith vs. Lander.

SMITH VS. LANDER.

*February 24 — March 9, 1880.*

NEW TRIAL. *(1) When order granting or denying, reversed. (2)* COSTS *of former trial.*

| 48 | 587 |
| 75 | 162 |
| 48 | 587 |
| 77 | 4 |
| 48 | 587 |
| 80 | 655 |
| 48 | 587 |
| 86 | 322 |
| 86 | 483 |
| 48 | 587 |
| 100 | 282 |

1. On a motion for a new trial upon the ground that the verdict is against the weight of evidence, the order of the circuit court, whether it grant or deny the motion, will not be reversed by this court, except where there was an abuse of discretion, or where the order appears to have proceeded upon an erroneous view of the law.
2. A new trial should not be granted on the ground above stated (where the verdict does not appear to have been perverse or corrupt), except upon terms of paying the costs of the former trial.

APPEAL from the Circuit Court for *Pierce* County.

Action on a promissory note alleged to have been executed by defendant to F. L. Stevens or bearer, payable three months after date. The complaint avers that plaintiff is the lawful owner and holder of the note, and that default has been made thereon. The answer is, that the note was made payable to Stevens alone; that there was a certain contemporaneous agreement between Stevens and plaintiff as to the manner in which it might be paid; and that, after its delivery to Stevens, it was fraudulently altered by inserting the words " or bearer " after the name of the payee.

At the trial, plaintiff's objection to the introduction of any evidence under the answer, on the ground that it did not state any defense, was overruled. The court submitted to the jury the questions, whether the note was fraudulently altered as alleged in the answer, and whether, if so, defendant was guilty of negligence in executing the note in the shape in which he must have executed it if his testimony on that subject was true (i. e., with a blank space after the payee's name, in which the words " or bearer " might be written); the court stating that plaintiff appeared from the evidence to be an innocent purchaser.

After a verdict for the defendant, plaintiff moved for a new trial, on the grounds, among others, that the court erred in admitting evidence under the answer, and in submitting the question of negligence on defendant's part, and that the verdict was against the law and the evidence. A new trial was granted; and defendant appealed from the order.

The appeal was submitted on briefs of *Wellington Vannatta* for the appellant, and a brief of *Baker & Spooner* for the respondent.

For the appellant it was argued, among other things, 1. That as the evidence was conflicting, and nearly balanced, it must be presumed that no court would invade the province of the jury by setting aside the verdict merely because the judge, if

sitting as a juror, would have rendered a different verdict. *Edmister v. Garrison*, 18 Wis., 603; *Van Doran v. Armstrong*, 28 id., 242; *Janssen v. Lammers*, 29 id., 92. 2. That if the new trial had been granted on the ground that the verdict was against the weight of evidence, it would have been only upon terms that plaintiff pay the costs of the former trial. *Emmons v. Sheldon*, 26 Wis., 648; *Carroll v. More*, 30 Wis., 574; *Pound v. Roan*, 45 id., 130. 3. That it must therefore be concluded that the new trial was granted for some supposed error of the court; and such supposed error was reviewable on this appeal. *Duffy v. Railway Co.*, 34 Wis., 188; *Seymour v. Colburn*, 43 id., 70; *Jones v. Evans*, 28 id., 168; *Bushnell v. Scott*, 21 id., 457. 4. That there was no error in refusing to charge the jury that defendant was guilty of negligence, but that question was properly left to the jury. Even where all the facts are undisputed, it is for the jury to determine what is reasonable care. *Langhoff v. Railway Co.*, 19 Wis., 490; *Dorsey v. Construction Co.*, 42 id., 583; *W. C. & P. R. R. Co. v. McElwee*, 67 Pa. St., 315; *Lancaster Bank v. Moore*, 78 id., 407; *Citizens' Ins. Co. v. Marsh*, 5 Wright, 586; *P. & C. R. R. Co. v. McClurg*, 6 P. F. Smith, 295; *Pa. R. R. Co. v. Barnett*, 9 id., 269; *Johnson v. Bruner*, 11 id., 58; *Mangam v. Brooklyn R. R. Co.*, 38 N. Y., 455; *Hackford v. Railroad Co.*, 53 id., 654; *Gillespie v. Newburgh*, 54 id., 468; *Railroad Co. v. Stout*, 17 Wall., 659; *D. & M. R. R. Co. v. Van Steinburg*, 17 Mich., 99; *Rindge v. Coleraine*, 11 Gray, 157; *City of Rockford v. Hildebrand*, 61 Ill., 155; *Carsley v. White*, 21 Pick., 256. No man is bound to suspect another of forgery, and to provide against all possibilities of crime. *Briggs v. Ewart*, 51 Mo., 245; *Burson v. Huntington*, 21 Mich., 415; *Tisher v. Beckwith*, 30 Wis., 55; *Walker v. Ebert*, 29 id., 194. One is not liable on a forged promissory note, even in the hands of an innocent purchaser, even though the signature be genuine. *Nance v. Lary*, 5 Ala., 370; *Wade v. Withington*, 1 Allen, 561; *Fay v. Smith*, id., 477; *Ives v.*

*Farmers' Bank,* 2 id., 236–241; *Sewall v. Boston Water Power Co.,* 4 id., 277–282; *Belknap v. Bank,* 100 Mass., 376; *Draper v. Wood,* 112 id., 315; *Greenfield Savings Bank v. Stowell,* 123 id., 196; *Waite v. Pomeroy,* 20 Mich., 425; *Holmes v. Trumper,* 22 id., 427; *Ivory v. Michael,* 33 Mo., 398; *Presbury v. Michael,* id., 542; *Washington Savings Bank v. Ecky,* 51 id., 272; *Goodman v. Eastman,* 4 N. H., 455; *Gerrish v. Glines,* 58 id., 9; *McGrath v. Clark,* 56 N. Y., 34; *Benedict v. Cowden,* 49 id., 396; 41 Barb., 465; *Wood v. Steele,* 6 Wall., 80; *Angle v. N. W. Ins. Co.,* 92 U. S., 333; *Knoxville National Bank v. Clark* (Sup. Ct. of Iowa), 1 N. W. Rep., N. S., 27.

For the respondent it was argued, 1. That this court will not interfere with the order of the court below granting or refusing a new trial, except where there has been a *gross abuse* by that court of its discretion *(Hooe v. Lockwood,* 3 Chand., 41; *State v. Lamont,* 2 Wis., 437; *Ford v. Ford,* 3 id., 399; *Schæffler v. The State,* id., 823; *Cook v. Helms,* 5 id., 107; *Barnes v. Merrick,* 6 id., 57; *Zweig v. Horicon Mfg. Co.,* 14 id., 356; *Lewellen v. Williams,* id., 687); and that it would not have been such an abuse of discretion in this case if the court had granted a new trial expressly on the ground of a want of "clear and satisfactory evidence" of the fact of alteration, as to which the burden of proof was on defendant. *Kellogg v. Steiner,* 29 Wis., 631; *Lewellen v. Williams, supra.* 2. That the question of negligence on defendant's part, the facts being undisputed, was for the court (Wharton's Law of Neg., § 420, and cases there cited; 1 Redfield on R. W., 473; *Delaney v. Railway Co.,* 33 Wis., 72); and that the court should have held as matter of law, upon the evidence, that defendant, by his negligence in leaving the blank after the name of the payee, was estopped from alleging the alteration here claimed, as against a *bona fide* holder for value. 2 Daniell on Neg. Inst., § 1405, and authorities there cited; *Arnold v. Cheque Bank,* 18 Moak, 204 (1876); *Ingham v. Primrose,* 97 E. C. L., 82;

Edwards on Bills, 2d ed., 416; *Zimmerman v. Rote*, 75 Pa. St., 188; *Chapman v. Rose*, 56 N. Y., 137; *Douglass v. Mutting*, 29 Iowa, 498; *Winchell v. Crider*, 29 Ohio St., 480; *Citizens' National Bank v. Smith*, 55 N. H., 593; *Shirts v. Overjohn*, 60 Mo., 305.

TAYLOR, J. This is an appeal from an order of the circuit court granting a new trial upon the application of the plaintiff. The new trial appears to have been granted on the ground that the verdict was against the weight of evidence. The granting or not granting a new trial upon the ground that the verdict is against the weight of evidence is in nearly all cases a matter in the discretion of the trial court; and this court will not interfere with such order, whether granted or denied, unless it is clearly apparent that there was an abuse of discretion in making or refusing the order. And it is highly proper that it should be so. The learned judge who presides at the trial, and sees as well as hears the witnesses upon whose testimony the verdict is founded, is in a much better position to judge as to the fairness of the verdict than this court can be. His discretion, therefore, in granting a new trial cannot be interfered with, unless it clearly appears that there was no ground for granting the same, or that it was granted upon a mistaken theory of the law applicable to the case.

The cases in this court relied on by the learned counsel for the appellant for the reversal of this order, are all cases in which this court refused to reverse orders refusing to grant new trials; but the conclusion sought to be drawn from the language of the opinions in those cases, that because this court will not reverse an order refusing a new trial where the evidence is conflicting and there is some evidence to support the verdict, therefore an order granting a new trial will be reversed where the evidence is conflicting and there is evidence to sustain the verdict, does not follow. The order being

to a great extent a discretionary order, this court will not interfere, no matter whether the order grants or refuses the new trial, unless it is apparent that there is an abuse of this discretion. *Van Valkenburgh v. Hoskins,* 7 Wis., 496, and cases cited in the opinion. See, also, the cases cited in the brief of the learned counsel for the respondent.

It is said by the learned counsel for the appellant, that this court ought to infer that the learned circuit judge granted the new trial for the reason that he had come to the conclusion that he had erred in instructing the jury on the question of negligence on the part of the defendant in executing and delivering the note in the manner in which he says he executed it, and as it is apparent that he did execute it, if his evidence is to be believed. We do not feel justified in making any such inference. We are of the opinion that the instructions of the learned circuit judge were sufficiently favorable to the plaintiff on this point. We entertain very grave doubts whether, if the note was executed and delivered by the defendant to the payee in the exact form it would have been if his testimony be true that the words "or bearer" were inserted after he delivered the same, and without his knowledge, there was any question of negligence on the part of the defendant either to be submitted to the jury or to be inferred as a matter of law. The authorities cited in the brief of the learned counsel for the appellant would seem to indicate that the evidence was not sufficient to raise the question of negligence on the part of the defendant; and certainly the facts proven are not such that the court could say, as a matter of law, that the defendant was guilty of such negligence in signing and delivering the note in the form he claims it was delivered, as to deprive him of the right to contest the question of its alteration in the hands of a *bona fide* holder without notice; but as it is unnecessary to decide that question on this appeal, we forbear any further comment upon it.

There is nothing in this record which shows that the learned

circuit judge abused his discretion in granting the new trial in this case; but, as we must conclude that the new trial was granted in this case on the ground that the verdict was against the weight of evidence, and as it is not apparent that the verdict was so wholly unsupported by the evidence as to justify this court in holding that it was a perverse or corrupt verdict, according to the rule established by this court in the case of *Pound v. Roan*, 45 Wis., 129, and cases cited in the opinion, the order should have been granted upon terms of paying the costs of the former trial; and because it was not so ordered, it must be reversed.

*By the Court.* — The order is reversed, and the cause remanded with directions to the circuit court to order a new trial, on the terms that the plaintiff pay the taxable costs of the former trial.