JONES VS. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

*April 24 — May 11, 1880.*

*(1-3)* NEW TRIAL: *When grantable, and on what terms.*
*(4)* FENCES. EVIDENCE. *Proof of presumptive notice of defects in fence.*

1. The mere fact that there was some evidence in plaintiff's favor, so that the court could not properly order a compulsory nonsuit or direct a verdict for the defendant, does not show that there was any abuse of discretion in granting a new trial after a verdict in plaintiff's favor; and this, where defendant had offered no evidence.

2. Evidence offered for the party in whose favor the verdict is rendered, though improperly rejected, cannot be considered in determining the propriety of granting a new trial.

3. Where the verdict does not appear to be perverse, a new trial should be granted only upon terms that the moving party pay the taxable costs of the former trial.

4. In an action for injuries alleged to have resulted from the defective condition of the defendant's fence, where actual notice to defendant of the defect is not shown, plaintiff should be permitted to prove the existence of the defect for some time previous to the accident, in order to charge defendant with notice.

APPEAL from the Circuit Court for *Dodge* County.

The case is stated in the opinion.

*Harlow Pease,* for the plaintiff, who was also the appellant.

For the respondent there were briefs by *Wm. F. Vilas* and *Hall & Skinner,* and oral argument by *Mr. Vilas* and *Mr. Hall.*

TAYLOR, J. This is an appeal from an order granting a new trial, upon motion of the respondent, founded upon the minutes of the court. The only point made by the appellant is that, the judge having upon the trial refused to order the plaintiff nonsuited on the motion of the respondent, upon the evidence offered by the plaintiff, on the ground that there was some evidence given on his part which sustained the alle-

Jones vs. The Chicago & Northwestern Railway Co.

gations of the complaint, the case was thereupon submitted to the jury upon the plaintiff's evidence, the respondent offering none on its part, and the jury, under the instructions of the judge, having rendered a verdict in favor of the plaintiff, it was error to grant a new trial, there being some evidence in the case tending to prove the plaintiff's cause of action, and which it was proper the court should submit to the jury. In other words, if the court on the trial refuses to nonsuit the plaintiff, upon the ground that there is some evidence tending to prove the plaintiff's cause of action, it cannot afterwards set aside a verdict for the plaintiff and grant a new trial because in the opinion of the trial judge the verdict is against the weight of evidence, or the evidence is in his opinion too slight to sustain the verdict.

If, upon the record in this case, we should infer that the learned circuit judge set aside the verdict and granted a new trial because he thought the evidence was insufficient to sustain it, we do not see how we could reverse his decision upon that ground. It does not follow by any means that because there is some evidence in the case tending to prove the plaintiff's cause of action, and a verdict is rendered in his favor, the trial judge has no power to grant a new trial because he is dissatisfied with the finding of the jury upon such evidence. The establishment of such a rule would prevent a new trial in any case upon the ground that the verdict was against the weight of evidence. It can make no difference with the rule that all the evidence in the case was offered on the part of the plaintiff.

If the plaintiff gives any evidence to support his claim, the case must be submitted to the jury, although in the opinion of the trial judge it may be insufficient to sustain a verdict, or the decided weight of evidence is for the defendant. In such case this court has repeatedly said that it is the duty of the court to submit the questions of fact to the jury, under proper instructions, and take their verdict thereon. *Bever-*

*idge v. Welch,* 7 Wis., 465; *Johnston v. Hamburger,* 13 Wis., 175; *Kuehn v. Wilson,* id., 104; *Dodge v. McDonnell,* 14 Wis., 553; *Sutton v. Town of Wauwatosa,* 29 Wis., 21; *Mountain v. Fisher,* 22 Wis., 93; *Reynolds v. Graves,* 3 Wis., 416; *Douglass v. Garrett,* 5 Wis., 85; *Colby v. Town of Franklin,* 15 Wis., 311; *Jarvis v. Hamilton,* 19 Wis., 187; *Ewen v. Railway Co.,* 38 Wis., 613.

Many other cases in this court might be cited showing the rule as above stated. It is clear, from the cases above cited, that upon the question of nonsuit the court cannot consider upon which side the evidence preponderates, but must, in all cases, submit that question to the jury; and it would necessarily follow that if the court cannot set aside a verdict in favor of the plaintiff in any case when he is required to submit the question of evidence to the jury, no verdict could be set aside as against the weight of evidence; and yet we find the rule is equally well established, that the trial court may set aside a verdict because it is against the weight of evidence, as that it may not grant a nonsuit because the weight of evidence is against the plaintiff. In *Van Valkenburgh v. Hoskins,* 7 Wis., 496, this court decided that it would not interfere to reverse the order of the circuit court granting a new trial upon the evidence, unless there is manifestly a gross abuse of discretion. Justice COLE, in delivering the opinion, says:

" It is true, the question before the jury was, whether the sale of the goods in controversy by Solomon & Somlander to the appellant was fraudulent and void as to their creditors; and this question of fact it was the peculiar province of the jury to determine.

" In the present case a great amount of testimony was introduced on that point, from which the jury were led to the conclusion that the sale was valid. The circuit court, being dissatisfied with the result, set the verdict aside, and ordered a new trial. The circuit courts have an undoubted right, and

it is their duty, to grant new trials where the *verdict of the jury is manifestly against the weight of testimony and the clear justice of the case.* In passing upon applications for new trials the law requires the circuit court to exercise an en-lightened judgment and sound legal discretion. When this is done; this court will not interfere, as we have repeatedly decided."

In the case of *Lewellen v. Williams*, 14 Wis., 687, 693, the late Chief Justice Dixon, upon the question of appeals from orders granting or refusing new trials, says: "The exercise of a sound discretion in such matters often depends upon a variety of facts and circumstances which cannot be described on paper and brought before the appellate tribunal with their original force and influence, and which no one but the judge before whom the case was tried can fully and properly estimate. Many of these facts and circumstances are absolutely incapable of such delineation; and to say that the discretion depending upon them shall be transferred to another court, there to be exercised without the means of forming a correct judgment, seems impossible." This rule has been repeatedly affirmed by this court. *Smith v. Wallace*, 25 Wis., 55; *Vilas v. Mason*, id., 310; *Janssen v. Lammers*, 29 Wis., 88; *Pound v. Roan*, 45 Wis., 129; *Smith v. Lander*, 48 Wis., 587; *Meusel v. Semple*, id., 86.

In the case of *Laverenz v. Railway Co.*, lately decided by the supreme court of Iowa, an order granting a new trial upon the evidence was sustained, when the verdict was for the plaintiff, and the trial judge had refused both to grant a nonsuit and also to direct a verdict for the defendant. 5 N. W. Rep., 156. It is also said in that case, that where a new trial is granted a stronger case should be made to authorize a reversal than if a new trial had been refused. *Burlington Gas Light Co. v. Green, Thomas & Co.*, 21 Iowa, 335, and cases cited in the opinion.

From an examination of the record in this case, we cannot

say that the evidence on the part of the plaintiff which was admitted by the circuit judge, so clearly established the negligence of the defendant in not maintaining its fence along its railroad, as to justify this court in holding that the trial judge abused his discretion in granting a new trial upon the insufficiency of that evidence. If the plaintiff had been permitted to introduce the evidence which he offered, it might have clearly appeared that the defendant was negligent, and that the fence where the horses and cattle of the plaintiff escaped was, in fact, out of repair, and had remained so for such length of time as to render it chargeable with notice, or actual notice might have been proved; but evidence offered and rejected, whether properly or improperly, cannot be treated as evidence in the record in favor of the plaintiff, and used for the purpose of sustaining the verdict. Evidence offered by the party in whose favor a verdict is found, and rejected by the court, cannot be considered as proofs in the case to sustain the verdict. *Musgat v. Pumpelly*, 46 Wis., 660. The error of the court in rejecting proper evidence offered by the plaintiff to sustain his action does not cure the error of the jury in finding a verdict upon insufficient evidence.

As it appears to this court upon the record, we think the learned circuit judge erred in confining the plaintiff to proof of the condition of the fence at the time the accident happened, or immediately previous thereto. It seems to us that it was competent for the plaintiff to show the condition of the fence, not only about the time the accident occurred, but for some considerable time previous thereto. This must necessarily be so, if the plaintiff seeks to charge the defendant with negligence in not keeping the fence in repair, without showing any actual notice to the defendant that the same was out of repair. In the absence of actual notice to its proper agents that the fence was out of repair, the plaintiff would be bound to show that it had remained out of repair for such a length of time previous to the accident as to render the company chargeable

Jones vs. The Chicago & Northwestern Railway Co.

with implied notice, under the rule laid down in *Brown v. Railway Co.*, 21 Wis., 39.

Independent of the right of the trial court to grant a new trial on the ground that the evidence was, in his opinion, insufficient to sustain the verdict, there is nothing in the record which shows upon what grounds the new trial was granted; and, from an examination of the instructions of the court to the jury, it is quite probable the learned circuit judge became satisfied that they were misled by such instructions, to the prejudice of the defendant, and that the verdict was set aside upon that ground.

We cannot say that there was any abuse of discretion on the part of the trial judge in setting aside the verdict and granting a new trial; but we think the learned judge erred in granting the new trial without imposing any terms upon the defendant. Under the evidence and instructions given, it cannot be said that the verdict was perverse; and a new trial should have been granted only upon the terms that the defendant pay the taxable costs of the former trial. See *Pound v. Roan*, 45 Wis., 129, and cases cited in the opinion, and *Smith v. Lander*, 48 Wis., 587.

*By the Court.*—The order of the circuit court is reversed, and the cause remanded with directions to that court to order a new trial on the terms that the defendant pay the taxable costs of the former trial.