Seaman vs. Burnham.

SEAMAN vs. BURNHAM.

*April 7 — May 31, 1883.*

*New trial — Discretion.*

The setting aside of a verdict and granting of a new trial at the cost of the party beaten is within the discretion of the trial judge, and his action will not be reversed unless an abuse of such discretion clearly appears.

APPEAL from the County Court of *Milwaukee* County. The case is thus stated by Mr. Justice CASSODAY:

" This is an action to recover $400 for 2,000 loads of sand,

at and for an agreed price of twenty cents a load, alleged to have been sold and delivered by the plaintiff to the defendant. In addition to denials, the answer alleged, in effect, that the sand was in fact sold by the plaintiff to Kirkham, and thereafter, at the plaintiff's request, the defendant promised and agreed to pay the plaintiff at the rate of twenty cents per load for all sand so sold and delivered to Kirkham; that he only sold and delivered to him eighty-six loads, for which he was only liable to him in the sum of $17.20. At the close of the trial the jury, under the charge of the court, found for the plaintiff, and assessed his damages at $400. Thereupon, and at the same term of the court, and upon the motion of the defendant, based upon the minutes of the judge, it was ordered that the verdict in this action be set aside and a new trial granted, upon payment of costs by the defendant. To that order the plaintiff duly excepted, and from it brings this appeal."

For the appellant there was a brief by *John M. W. Pratt*, attorney, and *Frank B. Van Valkenburgh*, of counsel, and oral argument by *Mr. Van Valkenburgh.*

For the respondent there was a brief by *E. P. Smith* and *D. G. Rogers*, and oral argument by *Mr. Smith.*

CASSODAY, J. The reasons which operated upon the mind of the trial judge in setting aside the verdict and granting a new trial are not disclosed in the record. It does appear, however, that the court made the order after "being sufficiently advised." Counsel for the appellant says the jury's "verdict was set aside on the ground (as we suppose) that the verdict was against the weight of evidence." There is no claim that in so doing he acted upon any mistaken notion of the law applicable to any question in the case. Such being the record, the only question before us for consideration is whether there was an abuse of discretion, within the rule which has often and recently been declared by this

court. The setting aside of a verdict and granting of a new trial, at the cost of the party beaten, as here, is not only within the discretion of the trial judge, but his action will not be reversed unless it clearly appears from the record that there was an abuse of such discretion. *McLimans v. City of Lancaster, ante,* p. 297; *Jones v. C. & N. W. Railway Co.,* 49 Wis., 352. This rule is conceded by counsel, but a reversal is asked upon the ground that the verdict is supported by the great preponderance of the evidence. We have no desire to prejudice a retrial of the case by expressing any opinion upon that question. It is sufficient to say, under the circumstances above stated, and after a careful reading of all the testimony in the case, that we are unable to hold that there was any abuse of discretion by the trial judge within the rule above stated.

*By the Court.*— The order of the county court is affirmed.