Kayser vs. Hartnett.

KAYSER, Respondent, vs. HARTNETT, Appellant.

*November 3 — November 23, 1886.*

(1) *Fraudulent conveyance: Burden of proof.* (2-4) *New trial: Discretion: Terms: Notice of trial.*

1. Where a sale is alleged to be fraudulent as to creditors, the burden of proving that he purchased in good faith is not upon the vendee unless there was no immediate delivery of the property and no actual and continued change of possession.
2. A motion for a new trial is addressed to the sound discretion of the trial judge, and his decision will only be reversed by this court in case of manifest abuse of that discretion.
3. The imposition of terms on the granting of a new trial is somewhat in the discretion of the court; and when granted on account of the misdirection of the court or because the verdict is clearly against the evidence, the new trial may be granted without terms.
4. Where an order granting a new trial was made in open court, and the defendant filed a written exception to it at that time, the plaintiff need not serve a copy of such order on the defendant before noticing the case for trial.

APPEAL from the Circuit Court for *Fond du Lac* County.

Replevin for a quantity of boots and shoes alleged to be the property of the plaintiff and to have been taken from his possession by the defendant, who was a constable, on February 21, 1884.

The answer justifies the taking of the goods under and by virtue of a warrant of attachment against the goods of one Kriesel, and alleges that the goods taken were the property of said Kriesel and not of the plaintiff, and that the latter never had the possession thereof or right of possession; that they were taken from premises occupied by Kriesel and controlled by him; that the plaintiff claims under a bill of sale executed by Kriesel to one Hess and by Hess assigned to the plaintiff; that such sale to Hess and assignment to the plaintiff were fraudulent and void as to the

creditors of Kriesel, and that the plaintiff knew all of the facts.

The proceedings upon the trial are sufficiently stated in the opinion. The defendant's motion to set aside the second verdict was based upon the affidavits of David Babcock and T. W. Spence. In the affidavit of the former (who was the defendant's attorney) it is stated that the first verdict, which was in favor of the defendant, was set aside and a new trial ordered without terms, without notice of motion thereof, and without copies of papers and affidavits which were read at the hearing being served; that at the same term the affiant asked a stay of proceedings for sixty days, which, though granted orally, was never reduced to writing nor entered as an order; that within said sixty days the plaintiff again noticed the cause for trial; that the affiant refused to accept the notice because of the stay of proceedings and because the time for appealing from the order granting a new trial had not expired; that on the first day of the March term, 1885, the affiant asked to have the cause stricken from the calendar because (1) no notice of the order granting a new trial had been served, and (2) the stay of proceedings was still in force; that the court held the matter under advisement, and down to the time of impaneling the jury in the case had not advised the affiant of its decision; that pending the decision of such motion to strike from the calendar, the case was called in court, in the absence of the affiant, and a jury impaneled and a verdict taken in behalf of the plaintiff; that the affiant, relying on the stay of proceedings, and intending to appeal from the order setting aside the first verdict, and supposing that he had at least thirty days after a copy of such order should be served on him within which to take such appeal, was unprepared for trial at said March term; that the holding of the motion to strike from the calendar so long under advisement led the affiant to conclude that no trial would be

had at such term, and that he made no preparation for trial further than to ask Mr. Spence (who had assisted affiant in the former trial, but who was under no retainer) to look after the matter while in court and while the affiant was away, far enough to advise affiant what the decision of the court was as to the motion to strike from the calendar.

The affidavit of H. J. Gerpheide, the plaintiff's attorney, stated that he had no notice or knowledge that a stay of proceedings had been granted until after the case had been noticed for trial at the March term, 1885; that when the action was called in its regular order on the day calendar on March 12, 1885, T. W. Spence, Esq., was present in court and for and on behalf of said David Babcock, Esq., defendant's attorney of record, stated in substance that the motion to strike the case from the calendar having been denied, the defendant would interpose no defense to the action and that Mr. Babcock had no desire to be present, and the case was thereupon proceeded with and verdict rendered for the plaintiff; that said Spence was one of the counsel for the defendant on the first trial of the cause; that said cause was on the day calendar on March 11 and March 12, 1885, and placed thereon on March 10, 1885.

The affidavit of Mr. Spence stated that he never had any retainer or engagement in this cause, nor any connection therewith, except that being present when the case was called for trial at the November term, 1884, at the request of Mr. Babcock and as a matter of friendship merely, he sat in and assisted him upon the trial before the jury, and at the time of the case being called in court for second trial he was in court on other business of his own.

For the appellant there was a brief by *D. Babcock,* and oral argument by *T. W. Spence.*

*H. J. Gerpheide* and *Maurice McKenna,* for the respondent.

Kayser vs. Hartnett.

TAYLOR, J.  This case was tried in the circuit court for Fond du Lac county, and a special verdict was rendered finding the facts in favor of the defendant.  November 26, 1884, on the application of the plaintiff, the circuit court set aside the verdict and granted a new trial, without terms, and stating no reason therefor.  The order granting the new trial is dated January 3, 1885.  To this order the defendant filed exceptions.  The attorney for the plaintiff, *Kayser*, duly noticed the case for trial on the 19th of February, 1885, for the March term of said circuit court, commencing on the 3d day of March, 1885.  On the first day of the March term the defendant moved to strike the case from the calendar, on the ground that there had been a stay of proceedings made in the action for sixty days, and because no copy of the order granting a new trial had ever been served on the defendant or his attorney.  The only affidavit used on the hearing of this motion was the affidavit of the attorney for the defendant, showing that no copy of the order setting aside the verdict and granting a new trial had ever been served upon him.  The motion to strike the case from the calendar was denied, and the case was, when reached upon the calendar, called and tried in the absence of Mr. Babcock, attorney for the defendant, and a verdict was found in favor of the plaintiff for the value of the goods taken, and six cents damages.

At the same term the defendant moved to set aside the verdict and for a new trial — (1) because the case was improperly on the calendar; (2) because the court erred in denying the motion to strike the case from the calendar; (3) that the verdict is not supported by the evidence; (4) that the verdict is improper in form; (5) that the defendant suffered the default by surprise; (6) the verdict is contrary to law.  This motion was denied, and judgment was entered upon the verdict for the plaintiff, and from such judgment the defendant appeals to this court, and he also appeals from

the order setting aside the verdict and granting a new trial to the plaintiff, January 3, 1885, and also from the order refusing to set aside the verdict for the plaintiff and refusing to grant to the defendant a new trial.

It is insisted by the learned counsel for the respondent that the court should not, upon this appeal, review the order granting a new trial to the plaintiff upon the first trial in the court below. He urges that it is too late to appeal from such order after another trial has been had under the order. Under the statute an order granting a new trial is an appealable order (see subd. 3, sec. 3069, R. S.), and, unless the defendant has done something in the action which constitutes a waiver of his right to appeal from that order, his right remains. As it is admitted a copy of the order was not served on the defendant, his right to appeal was not lost by lapse of time. See sec. 3042, R. S. In *Maxwell v. Kennedy*, 50 Wis. 646, this court held that, admitting that a party might appeal from an order granting a new trial after a second trial had been had under such order, still the party excepting to the order might waive the right of appeal by taking proceedings in the case under such order, without appealing therefrom, which were inconsistent with his reliance upon his right to appeal from such order. As we have concluded that there is nothing in this record that would justify us in reversing the order granting the new trial, we do not feel called upon to decide whether the record discloses any acts done by the defendant which would amount to a waiver of his right to appeal from the order.

In looking into the record we think the verdict set aside was clearly against the weight of the evidence, and it also appears that the court erred in instructing the jury, especially in respect to the party upon whom the burden of proof rested. The fifteenth question submitted to the jury for their answer was as follows: "Was the sale from Hess to *Kayser*, of this property in question, made in good faith and

without any intent on the part of the plaintiff to defraud the creditors of Kriesel?" This question was answered in the negative. The learned judge, in submitting the question to the jury, closed his instructions as follows: "Before you answer this question in the affirmative, the plaintiff must have satisfied you by a fair preponderance of the testimony that he purchased this property in good faith and without any intent on his part to defraud the creditors of Kriesel. If he has failed to show that to your satisfaction, then you will answer this question in the negative." Before giving this instruction the learned judge had stated to the jury that their answer to this question would not depend upon the other questions, whether there was an immediate delivery of the property from Hess to the plaintiff, or whether it was followed by an actual and continued change of possession.

It may be true that the answer to the question did not depend upon delivery and change of possession, as stated by the learned circuit judge; but whether the burden of proof was on the plaintiff or on the defendant did depend upon these other questions; and it was error, therefore, to charge generally that the burden of proof was on the plaintiff, unless he at the same time instructed them that such burden of proof would only be on the plaintiff if they found that there was no immediate delivery of the property from Hess to the plaintiff, and no actual and continued change of such possession.

It is more than probable that this mistake of the learned judge in his instructions was one cause, at least, for granting the new trial, and was one reason why the new trial was granted without imposing terms on the plaintiff.

A motion for a new trial is addressed to the sound discretion of the trial judge, and his decision will only be reversed by this court in case of a manifest abuse of that discretion. *Ford v. Ford,* 3 Wis. 399; *Bearrs v. Sherman,* 56 Wis. 55;

*Cook v. Helms*, 5 Wis. 107; *Smith v. Lander*, 48 Wis. 587; *Seaman v. Burnham*, 57 Wis. 568; *McLimans v. Lancaster*, 57 Wis. 297; *Jones v. C. & N. W. R. Co.* 49 Wis. 352.

But it is insisted by the learned counsel for the appellant that it was error to grant a new trial without imposing terms on the plaintiff. The rule in regard to terms in granting a new trial is somewhat in the discretion of the court; and when it is granted on account of the misdirection of the court, or when the verdict is clearly against the evidence, such new trial may be granted without terms. See *Territory of Wis. v. Doty*, 1 Pin. 396, 404, 405; *Baxter v. Payne*, 1 Pin. 501, 505; *Emmons v. Sheldon*, 26 Wis. 648. The rule stated in these cases is not changed by the rulings in *Smith v. Lander*, 48 Wis. 587, and *Pound v. Roan*, 45 Wis. 129. We find no error of the court in granting the new trial.

The learned counsel for the appellant insists that the court erred in not setting aside the second verdict in the case and granting a new trial on his application. It is urged that it was error to notice the case for trial until the plaintiff had served a copy of the order granting the new trial upon the defendant. We do not think such service necessary. In this case the record discloses that the order was made in open court, and that the defendant filed a written exception to the order when made. He was therefore as fully apprised of the order as if he had been formally served with a copy.

It is also urged that the case should have been stricken from the calendar on his motion, because there was a stay of proceedings in the case. The record does not disclose the fact that there was any stay of proceedings in the case; and as the learned circuit judge denied the motion we must assume that there was no valid order for staying the proceedings in the action. The learned counsel also insists that the court erred in not setting aside the verdict and grant-

ing a new trial because he was absent at the time of the trial, and that by his affidavit he fully excused his absence, and shows that he intended to defend the action and would have done so had he not been surprised by the action of the court in denying his motion to strike the case from the calendar. Upon the facts stated in the affidavits upon which this motion was made and the affidavit in opposition, it seems to us that the granting or not granting the motion was a matter in the discretion of the court.

*By the Court.*— The judgment of the circuit court is affirmed.

See note to this case in 30 N. W. Rep. 366.— REP.