Butterfield vs. Graves.

---

Butterfield, Respondent, vs. Graves, imp., Appellant.

*April 17 — May 2, 1893.*

*Promissory notes: Extension of time: Release of surety: Evidence: Immaterial error.*

1. The evidence being conflicting as to whether plaintiff had granted an extension of time for payment of the note in suit, and the trial court having refused to set aside a verdict in his favor, this court will not reverse the judgment on the ground that the verdict was contrary to the evidence.
2. Plaintiff having testified positively that he never gave any extension, an error in permitting him afterwards to testify that he never gave or intended to give any extension which would put it out of his power to sue on the note at any time, is *held* immaterial.

APPEAL from the Circuit Court for *Crawford* County.

Action upon a promissory note. The facts are sufficiently stated in the opinion. The defendant *Graves* appeals from a judgment in favor of the plaintiff.

*D. Webster*, for the appellant.

For the respondent there was a brief by *Thomas & Fuller*, and oral agreement by *C. S. Fuller*.

Orton, J.   This action is brought to recover the balance unpaid on a promissory note of $700 given by the appellant and William McFeeters and Clarence E. Graves, on the 1st day of March, 1887, payable one year from date, at eight per cent. interest, to the plaintiff. The appellant signed said note as surety merely, and his defense is that the time of payment of said note had been extended by an agreement between the plaintiff and said McFeeters in consideration of two per cent. additional interest thereon, without the knowledge or consent of the appellant. The other defendants did not answer, and this was the only question litigated on the trial.

The testimony of said McFeeters was that he wrote to the plaintiff, asking for said extension, and that the plaint-

iff replied, consenting to the same. The letters were lost or destroyed, and the plaintiff as a witness testified that such were not the contents of said letters, and their testimony on the question was in direct conflict. The jury rendered a verdict for the plaintiff on this conflicting evidence. The circuit court overruled the motion of the appellant to render judgment in his favor notwithstanding the verdict, and also his motion for a new trial. This court is asked by the learned counsel of the appellant to reverse the judgment on the ground that the verdict is contrary to the law and the evidence. On this conflicting testimony this court would not be warranted in doing so. The jury are the exclusive judges of the credibility of the witnesses. *Bowe v. Rogers*, 50 Wis. 598; *Jones v. C. & N. W. R. Co.* 49 Wis. 352; and many other cases in this court.

We have very carefully examined the numerous exceptions on the evidence and the charge of the court, and we are unable to find any error that ought to reverse the judgment. The following question and answer were clearly improper: " State whether or not you ever gave or intended to give any extension of time upon this note ($700 note) *that would put it out of your power to sue the note at any time.*" The plaintiff, as a witness, answered: " I never did." This was a question of law that the witness was not competent to decide or to express an opinion upon. But the plaintiff, as a witness, answered more than once, positively, that he never gave any extension of time on said note. This evidence renders the said question and answer *immaterial.* It could not have added any force to his positive testimony that he never had given such extension, and could not have influenced the verdict. It being immaterial, it ought to be disregarded as not affecting the justice of the case or the substantial rights of the defendant. Sec. 2829, R. S.

*By the Court.*— The judgment of the circuit court is affirmed.