## KELLOGG vs. BALLARD.          *

ERROR TO CIRCUIT COURT, OUTAGAMIE COUNTY.

Heard September 27, 1859.]                    [Decided January 4, 1860.

### New Trial.

Where a party to a cause of action relied on the evidence of the opposite party, but took no steps to secure his attendance, and when the cause was called for trial the latter party, who had been in attendance on the court, suddenly disappeared, and the trial proceeded without his evidence, the court will not, for that cause, set aside the verdict and grant a new trial.

This was an action commenced by Miles L. Kellogg, before a justice of the peace, against Anson Ballard, and appealed to the circuit court. The defendant was examined before the justice as a witness in the cause, and was in attendance at the court on the day previous, and also a few minutes previous to calling on the cause for trial, when he could not be found to be notified or subpœnaed. After trial the plaintiff moved for a new trial, which was denied, and this writ of error was sued out on the judgment.

*R. P. Eaton,* for plaintiff.                    *

*F. Packard and G. Bouck,* for the defendant.

*By the Court,* COLE, J. We do not think there was any abuse of discretion on the part of the circuit court, in denying the motion made for a new trial in this case. The grounds relied on in the motion were, substantially: 1st, That the appellant, or his counsel, depended upon the attendance of the respondent upon the trial, and was surprised by his sudden disappearance from court; and 2d, That the clerk gave testimony contrary to what was expected he would give. It is true courts sometimes grant a new trial where a party has been taken by surprise, as when a witness, who has been

duly subpœnaed, absents himself at the moment of trial, so that the party relying upon him is unexpectedly deprived of the benefit of his testimony. But a party relying upon the testimony of a witness, should use due diligence in order to secure the attendance of such witness. He has no right to wait until an hour or so before his case is called on for trial, and then place fees and a subpœna in an officer's hands with instructions to find the witness and serve the subpœna, and in the event the witness is not found, take his chances at a trial, and when beaten, say he was surprised by the absence of the witness, and make that a ground for a new trial. It appears that this was the extent of the care and dilligence, used by the appellant, in order to secure the personal attendance of the respondent, and we do not deem it sufficient, or that it makes out a case of surprise. The respondent was in attendance upon the court the day previous, and with ordinary attention and diligence, might have been subpœnaed. But this the appellant neglected to do. Neither did he move to put off the trial on account of the absence of the respondent, but proceeded with his cause, relying upon the testimony of the clerk to make out his case before the jury. The clerk, it seems, knew nothing about the matter he expected to prove by him. But surely the appellant should have seen to it that the witnesses were present to make out his case, before proceeding to trial. We think the inattention of the appellant to his case, and the want of preparation for the trial, were inexcusable upon his own showing, and that he ought to abide by the consequences thereof.

The order of the circuit court denying a new trial, is affirmed, with costs.