<div style="text-align: right">June Term, 1861.<br>LEWELLEN<br>v.<br>WILLIAMS et al.</div>

<div style="text-align: right">14   687<br>94   211</div>

---

## LEWELLEN vs. WILLIAMS and others.

An order granting or refusing a new trial will not be reversed except upon the ground that there was manifest abuse of its discretion on the part of the inferior court by which such order was made, or that some settled principle of law was thereby violated.

APPEAL from the Circuit Court for *Jefferson* County.

*Lewellen* brought this action against *Randall*, *Anderson* and *Williams*, upon a note executed by them to him, and obtained a verdict for the amount of the note. The defendants moved for a new trial upon affidavits of *Williams* and of I. E. Leonard, Esq., who was attorney for *Randall* and *Anderson*. The affidavit of the former stated, that a certain return made by and recognizance entered into before a justice of the peace of said county, in a criminal proceeding against the defendant *Anderson* for forgery, were material

testimony for the defendants in this action; that said papers had been placed upon file in the office of the clerk of the circuit court for Dane county, with the papers in a certain cause in which the venue was changed to Dane county at the last term of the circuit court for Jefferson county; that the affiant had no knowledge or intimation that said return and recognizance had been taken from the files of the Jefferson circuit court, until the morning of the day upon which this action was tried, and after the cause had been regularly called in its order, for trial; that the defendants were otherwise fully prepared for trial, confidently believing that said return and recognizance were still on file in said court, so that they could use them as evidence upon the trial of the action, and that they were taken entirely by surprise by the absence of said papers from the files of the court; that said papers had been removed without the knowledge or consent of the defendants; that the affiant appeared in person upon the defense of said action, and was fully informed of all the facts which were relied upon by the said defendants as constituting their defense in said action; and that the defendants had a good, substantial and valid defense to the action, as the affiant verily believed; that the defense relied upon by the defendants was, that the note upon which said action was brought was given to secure the discontinuance of, and to suppress the evidence in, a certain criminal prosecution against the defendant *Anderson* for forgery, which was instituted before a police justice and was pending at the time said note was given; that the return and recognizance above mentioned were material evidence for the defendants, to prove the pendency of said prosecution at the time said note was given; that on account of their inability to obtain said return and recognizance, to be used on said trial, the defendants had been deprived of their defense, and a verdict found against them for $859, to their great injury; that said testimony could be procured at the next term; that the application for a new trial was not made for delay, &c.

The affidavit of Mr. Leonard stated, that said return and recognizance were removed from the files of the Jefferson circuit court without his knowledge or consent, and

that he had no knowledge or intimation that they were not upon said files, until this cause was called for trial.

The plaintiff opposed the motion upon several affidavits. The affidavit of the plaintiff himself stated, that the consideration of the note upon which the action was brought was a sum of money which he had been compelled to pay as a surety or indorser upon certain notes of said *Anderson*; certain expenses incurred in consequence thereof, in enforcing his civil remedies; and also his costs in a civil action commenced by said *Anderson* against him, up to the discontinuance thereof; that the answers of the defendants *Anderson* and *Randall* in the present action, admitted that said notes so indorsed by the plaintiff entered into the consideration of the note on which this action was brought; that the balance of the consideration of said note was the amount of the costs and expenses aforesaid; that the defendants had no defense upon the merits or otherwise, and that " none of the alleged contracts set up as constituting such defense were ever made, or any part thereof;" that the return and recognizance mentioned in the affidavit of said *Williams* were part of the papers in the case of *The State vs. Anderson*, the venue in which was changed from the Jefferson to the Dane circuit court on the application of said *Anderson*, at the September term, 1860; that said papers were used in the trial of said last mentioned cause in the Dane circuit court in December, 1860; that said I. E. Leonard, was present at the trial of said cause in the Dane circuit court, as a witness for said *Anderson*, and that said return of the justice was distinctly referred to and openly inspected by the court upon such trial, in the presence and hearing of the said Leonard; that said Leonard was, and for several years previous had been, the law partner of the defendant *Williams*, and had been from the commencement of this action the sole attorney of record therein for *Anderson* and *Randall*, and had participated in all the trials thereof; that A. L. Collins, Esq., was the attorney of said *Anderson* in presenting the application to this court to procure said change of venue in the case of *The State against Anderson*, and well knew that said application had been granted, and that said cause had actually been transferred to Dane county;

VOL. XIV—44

June Term, 1861.

LEWELLEN
v.
WILLIAMS et al.

that said Collins in November, 1860, applied to the Dane circuit court to have the trial of said last mentioned cause deferred; that said Collins had also been of counsel for the plaintiffs in this action, and had participated in all the trials thereof; that if the said return and recognizance were necessary for the defense, the defendants had had ample time to procure the same, and they, their attorneys and counsel, all knew of said change of venue, and of such facts as should have put them upon inquiry for said return and recognizance long before this term of court; and that all the defendants and their counsel, except *Anderson*, had been in attendance upon this term of court from noon of Tuesday, the day of its commencement, until the trial of this cause was commenced, sometime in the forenoon of the following Thursday, and had had ample time to look up such return and recognizance, and apply for a continuance of the action, &c., &c.

The affidavit of Harlow Pease, Esq., stated, that said A. L. Collins, Esq., was present on or about the 21st of November, 1860, in the circuit court for Dane county, and had the papers in the case of *The State vs. Anderson*, in his hands; that said return and recognizance were necessary to be used upon the trial of said cause, and were openly inspected and referred to by the court, and were distinctly referred to by one of the witnesses at said trial; that when it appeared during said trial that the note alleged to have been forged had been delivered into the hands of said *Anderson's* attorneys in his presence, and that the state could not produce it, the court at first declined to admit oral proof of its contents unless the state should also prove that the note was taken up for the purpose of suppressing it, but that after inspecting said return the court stated that it appeared therefrom that said criminal proceeding was pending at the time said note was taken up, and upon that ground decided to admit oral proof of its contents.

The affidavit of Daniel Hall, Esq., stated that the material facts set forth in the affidavit of Mr. Pease were true according to his best recollection; that the inspection of said return and the decision of the court thereupon, referred to by

said Pease, were made in the presence and hearing of said Leonard; that the affiant, in answer to a question put to him as a witness on said trial, stated that the return of said justice was then in said Dane circuit court; that said question was put and answer given distinctly in the presence and hearing of said Leonard; that about the last of December, 1860, he was at the office of the said Williams & Leonard, and that a conversation then occurred between said Leonard and the affiant, in the presence and hearing of said *Williams*, in relation to the trial of said *Anderson*, which had then recently been had in the Dane circuit court; and that said conversation was of such a nature that said *Williams* must have known from it alone, that the venue in said action had been changed to Dane county, and that said *Anderson* had been tried there upon the charge set forth in said return.

The circuit court made an order granting a new trial on payment by the defendants of the costs of the term, and directing that the judgment herein stand as security for any future recovery in the action. From this order the plaintiff appealed.

*Enos & Hall*, for appellant:

If in this case, this court would have refused the motion for a new trial, it must reverse this order. Sec. 10, chap. 264, Gen. Laws of 1860; *Chamberlain vs. Milwaukee & Miss. R. R. Co.*, 7 Wis., 425. 2. "A court has no discretionary power in opposition to the well settled rules of law and equity." 2 Gra. & Wat. on New Trials, 44, 47; 5 Wend., 114; 8 id., 47. In this case the following well settled principles have been disregarded: (1) An application for a new trial must show merits. 1 Gra. & Wat. on New Trials, 174. (2) A new trial will not be granted when the party applying has been guilty of neglect. *Kellogg vs. Ballard*, 10 Wis., 440; 5 Wend., 114; 18 Johns., 489; 15 id., 295; 1 Gra. & Wat., 174. (3) A new trial will not be granted where the party voluntarily goes to trial, knowing his testimony or witness to be absent. 3. The affidavits on the part of the respondents do not make a case of surprise. "Surprise is that situation in which a party is unexpectedly placed without any default of his own, which will be against his inter-

June Term, 1861.

LEWELLEN
v.
WILLIAMS et al.

est." 3 Gra. & Wat., 875, 794, 931, 937. 4. The respondents ask to be relieved from the judgment on the ground that they were *participes criminis*. This is an insurmountable barrier to the relief asked of and granted by the circuit court.

*Myron B. Williams*, in person, and *I. E. Leonard*, for respondents, argued that our statute allowing an appeal from an order granting or refusing a new trial is identical with that of New York (2 Whit. Pr., 198; Voorhies' Code, 489); and that upon such an appeal from an order resting upon the discretion of the inferior court, such order will not be reversed except for gross abuse of that discretion. 1 Whit. Pr., 744, 750, and cases there cited; 4 How. Pr. R., 265. See also 2 Gra. & Wat. on New Trials, 43-45, 51-2; *Ford vs. Ford*, 3 Wis., 399; *Cook vs. Vandercook*, 5 id., 107; *Barnes vs. Merrick*, 6 id., 57. Counsel also contended that the affidavits in this case showed surprise.

December 30.

*By the Court*, DIXON, C. J. Appeal from an order granting a new trial on the ground of surprise. Notwithstanding the observations of the court in *Chamberlain vs. Railroad Co.*, 7 Wis., 429, upon the provision of the Code giving an appeal from an order granting or refusing a new trial, all the subsequent cases have proceeded according to the former practice, and no such order has been reversed except upon the ground that there was manifest abuse of discretion, or that some settled principle of law had been violated. 7 Wis., 475; id., 498; 10 Wis., 440; id., 505. Upon mature deliberation, we have concluded that the practice indicated by the latter cases is correct, and that it was not the intention of the legislature to invest this court with the discretionary powers exercised by judges at *nisi prius*. A practice which has so long obtained, and the operation of which has been found so salutary and useful in the administration of justice, ought not to be abolished, except by words showing clearly and manifestly that such was the intention of the legislature. The exercise of a sound discretion in such matters often depends upon a variety of facts and circumstances which cannot be described on paper and brought before the appellate tri-

bunal with their original force and influence, and which no one but the judge before whom the case was tried can fully and properly estimate. Many of these facts and circumstances are absolutely incapable of such delineation, and to say that the discretion depending upon them shall be transferred to another court, there to be exercised without the means of forming a correct judgment, seems impossible. Courts went far enough when they held that they could only correct, on error or appeal, such an abuse of discretion as was clearly and unmistakably manifested by the facts before them, and which it was apparent could not be justified by those facts which did not appear. Heretofore, as a writ of error did not lie to such an order, the successful party, whose verdict was set aside, was without a remedy, though there was never so gross an abuse of discretion or violation of legal principles in granting the motion. This was an evil which required correction, and in our judgment it was for that purpose that an appeal was given.

Governed by this rule, although we are not, upon the facts before us, fully satisfied that a new trial should have been granted, yet we cannot say that there was an abuse of discretion. The affidavit of the defendant shows an apparently good defense to the action, and the case discloses no such gross or inexcusable negligence on his part, as to entirely disentitle his application to consideration at the hands of the court. The circuit judge could best determine whether, under all the circumstances, there was probable ground for believing that he was taken by surprise. The order was made on the most favorable terms possible to the plaintiff, and must be affirmed.

Order affirmed.