STATE ex rel. VOIGHT VS. HŒFLINGER.

NEW TRIAL: (1) *Where granted under R. S., ch.* 125, *sec.* 38. (2) *Excusable neglect.* (3) *Effect of affirmance of former judgment.* (4) *Acts done under statute valid until its repeal.* (5) *Question not* res adjudicata. (6) *New trial should be granted only upon terms.*

1. After a judgment against respondent had been affirmed by this court, requiring him, as county treasurer, to pay over certain moneys to the relator as town treasurer (31 Wis., 257), the circuit court set aside the judgment and granted respondent a new trial, upon affidavits showing that while ch. 64, Laws of 1870, was in force, a bridge authorized by that act had been built under a contract with the commissioners named in the act, and that respondent had paid on this contract all the moneys here demanded. *Held*, that these facts would constitute a complete defense to the action, and the court did not err in granting a new trial upon respondent's showing that the former judgment was obtained through his mistake, surprise or excusable neglect. R. S., ch. 125, sec. 38.

2. Respondent's excuse (shown by affidavits) for his failure to set up on the former trial the facts above stated, was, that he was misled as to the necessity of thus amending his answer, by a conversation held between the attorneys of the respective parties and the court, at the

time it was proposed to submit the case on the alternative writ and answer, to the effect that if the defense were not set up in his answer, it might be shown when the peremptory writ should be applied for. This conversation not being denied in the affidavits used in resisting the motion, and the facts being within the personal knowledge of the judge by whom the motion was determined: *Held*, that this court cannot treat the order granting a new trial as an abuse of discretion.

3. The fact that the former judgment was affirmed in this court, not upon the ground that the relator was entitled to it when it was rendered, but merely because the act of 1870 had been repealed *pending the appeal*, is an additional ground for granting a new trial.

4. If the contract entered into by the commissioners named in the act of 1870 for building the bridge there mentioned, was *performed*, and the moneys paid out therefor by the respondent, while said act was in force, it is immaterial whether the act had taken effect before the contract *was entered into*.

5. The question presented by the respondent's proposed amended answer is not *res adjudicata* in this cause.

6. A new trial should have been granted only *upon the terms* that respondent should pay the *costs* of the former trial; and the order of the circuit court is modified so as to impose that condition.

APPEAL from the Circuit Court for *Marathon* County.

This action was originally brought by the relator as town treasurer of the town of Berlin, in Marathon county, against the respondent as county treasurer of said county,,to compel him by *mandamus* to pay over certain money in his hands. A judgment in favor of the relator was affirmed by this court, on appeal. 31 Wis., 257. Afterwards, in the circuit court, the respondent obtained an order granting him a new trial, upon grounds stated in the opinion; and from this order the relator appealed.

For a history of the legislation affecting the case, see the report of the decision on the former appeal.

*E. L. Browne* and *W. C. Silverthorn*, for appellant, contended that the affidavits on which the motion for the new trial was granted, show a total lack of diligence on the part of the respondent, since they disclose that the defense now sought to be interposed was within respondent's knowledge at the former

trial. The court is justified in granting a new trial, only for newly discovered evidence, after due diligence used to procure it, when no fault can be imputed to the party. *Edmister v. Garrison*, 18 Wis., 594. Respondent and his attorney were not misled, but were evidently mistaken as to the law, and this constitutes no ground for a new trial. *Tait v. Foster*, 1 Pinney's Wis., 514. The doctrine of *res adjudicata* applies to this case. A trial had been had in the circuit court upon the issues found by the pleadings, and admitted to be true. A motion for a new trial was overruled, and respondent appealed to this court, which affirmed the judgment. Respondent has therefore had his day in court, and cannot make his defense in piecemeal. *Hill v. Hoover*, 9 Wis., 16; *Pierce v. Kneeland*, id., 29. See also *Second Ward Bank v. Upman*, 14 Wis., 599; *Kabe v. The Vessel Eagle*, 25 id., 108. Again, ch. 64, P. & L. Laws of 1870, approved February 17, 1870, under which respondent justifies withholding the fund, was a general law, so held by this court in its former decision upon this case. It did not take effect until published, which was September 2, 1870. Therefore, at the time appellant claimed the fund of respondent and instituted the suit, July 14, 1870, there was no law authorizing respondent to withhold the money. He could not justify a refusal to pay over the money as the law (ch. 537, Laws of 1865, and ch. 151, Laws of 1869) then in force provided. After this action was instituted, ch. 64, above cited, took effect, and, before the suit was finally decided, it was repealed by ch. 70, P. & L. Laws of 1871. The question is therefore presented, whether an officer can justify withholding funds under the shadow of a legislative enactment, before the same has become a law. In any event, the motion for a new trial should not have been granted, except upon payment of the costs of the former trial. *Carroll v. More*, 30 Wis., 574.

*G. L. Park*, for respondent, argued, among other things, that an honest mistake of a party or of his counsel, such as is disclosed in the affidavits in support of the motion, is sufficient

State ex rel. Voight vs. Hœflinger.

ground for a new trial. 1 Gra. & Wat. on New Trials, 179. Sec. 38, ch. 125, R. S., authorizes the court to allow an answer or reply to be made, or other act done, after the time limited by law, and also to relieve a party, upon such terms as are just, from a judgment or order or other proceeding against him through mistake, inadvertence, or excusable neglect. The discretion given the court by this statute is a sound, legal discretion, to be exercised for the promotion of justice. When a party shows that he has a good defense upon the merits, the application should be granted. *Johnson v. Eldred*, 13 Wis., 482.

COLE, J. The question arising on this appeal is, whether the court below properly granted a new trial upon the affidavits presented. Under the circumstances, we think it did. The power of the court to relieve the respondent from the former judgment on the ground of mistake, surprise, or excusable neglect, is clearly conferred by section 38, ch. 125, R. S. ; and the only question really for consideration is, whether the court was guilty of any abuse of discretion in the matter. It appears from the affidavits and exhibits upon which the application for a new trial was founded, that the commissioners appointed by ch. 64, P. and L. Laws of 1870, had entered into a contract for the building of the bridge mentioned and authorized by the act, and that the respondent had paid out all the funds in his hands which were demanded by the relator, upon this contract. This is most material to the respondent's case. And he states in his affidavit, to excuse his failure to set out these facts in his answer, that when the cause was tried by the circuit court in August, 1871, he was "misled as to the necessity of amending his answer by setting up the payment of said funds as a defense, by a conversation held at the time it was proposed to submit the case on the writ and answer, that, if not set up in his answer, it could be shown when the final judgment would be entered, and application for a peremptory;

writ applied for, and that this talk was between the plaintiff's attorney and his own, and the judge of the court."

Now it is not denied in the affidavits made by the attorneys of the relator, which were used to resist the motion for a new trial, that this conversation did take place in court as stated by the respondent. Certainly the circuit judge knew whether it took place or not; and if such conversation did occur, and the circuit judge participated in it, this would afford the strongest reason for granting the application. For it was natural that the respondent should rely upon it, and neglect to amend his answer at that time, supposing that he could show all these facts at a subsequent stage of the cause. It was an honest mistake as to the practice, and the court might have thought that it had in some degree contributed to produce it. However this may be, the failure of the respondent to amend his original answer by setting up the making of the contract for the construction of the bridge, and the payments upon it, seems to be abundantly excused. It is a much stronger case for granting relief than that presented in *Kennedy v. Waugh*, 23 Wis., 468, where this court held that a party ought not to lose the benefit of a valid defense because, on account of surprise and confusion of mind on the part of his attorney, an amendment to the answer was not made, nor asked for, on the trial, and not until after judgment. And furthermore, when we consider the turn the case took in this court on appeal, and the ground upon which the judgment of the circuit court was affirmed, a more meritorious application for a new trial cannot well be imagined. This court affirmed the judgment, not on the ground that the law of 1870 authorizing the application of the moneys mentioned in the pleadings was invalid, but because it appeared that this act had been repealed by ch. 70, P. & L. Laws of 1871, which took effect after trial and judgment in the circuit court. Therefore, in view of these matters and of the conversation had in court above referred to, we think the respondent's failure to amend his answer was fully excused. Of course we think that

if the respondent had paid over on the contract for building the bridge all the moneys in his hands applicable to that purpose, while ch. 64 was in force, this constitutes a perfect and complete defense to this action. This is the clear intimation of the chief justice when the case was before us on the former appeal, and we have no doubt whatever upon that point. *State ex rel. Voight v. Hœflinger*, 31 Wis., 257.

It is suggested in the brief of counsel for the relator, that ch. 64, being a general law, was not in force until published September 2, 1870, and of course not in force when the contract for building the bridge was entered into, on the 8th of July, 1870. This clearly does not affect the rights of the defendant. This contract was performed, and the payments were made upon it, after that law took effect, and before the enactment of the repealing statute. The acts of the parties under that law were consequently valid.

The counsel for the relator further suggests that the respondent had no right to pay out moneys on the bridge contract after the alternative writ was served upon him. Why not? If the law authorizing the construction of the bridge was valid — as we have no doubt it was, — the contract entered into by the commissioners was unobjectionable, and it was the duty of the respondent to pay orders drawn by the commissioners upon him.

We do not see any ground for holding that the doctrine of *res adjudicata* applies to this case.

The new trial should not have been granted except upon terms. *Carroll v. More*, 30 Wis., 574. The order of the circuit court must be modified, by requiring the respondent to pay the costs of the former trial as a condition to taking the benefit of the order.

*By the Court.* — So ordered.