SMITH vs. SMITH and others.

*March 10 — April 19, 1881.*

NEW TRIAL, *for newly discovered evidence.*

1. The circuit court has a discretion as to granting a new trial within one year after notice of judgment, on any of the grounds named in the statute (sec. 2832, R. S.); and where the moving papers are sufficient in form, this court will not interfere unless there has been a manifest abuse of discretion.

2. A motion by plaintiff for a new trial for newly discovered evidence, founded on the complaint, a copy of the phonographer's minutes of the evidence, taken and filed in the action, and affidavits showing the character of the newly discovered evidence, *held* to be sufficient in form, under sec. 2879, R. S.

3. In an action by the grantee in a deed of land executed by H., to set aside, as a cloud on his title, H.'s prior deed of the same land to defendant, on the ground that such prior deed was not executed by the grantor with knowledge of its contents, there was evidence for plaintiff tending to show that H. did not read the deed running to defendant, and evidence on defendant's part that H. did read it, and that his name was signed

by the scrivener in his presence and with his assent. There was no evidence that the deed was *read to* H. There was also some further evidence in plaintiff's behalf (stated in the opinion), not bearing directly on the question of H.'s knowledge of the contents of the deed; and the proof was that H. died, at the age of 94, two or three months after the date of his deed to plaintiff, and about seven months after the deed to defendant. There was a finding and judgment for defendant; and within a year thereafter plaintiff moved for a new trial, upon the ground of newly discovered evidence tending to show that, for some years immediately before his death, H. had been wholly unable to read writing or print. *Held*, that there was no abuse of discretion in granting the motion; and this, even though costs were ordered to abide the event.

APPEAL from the Circuit Court for *Walworth* County.

The plaintiff, *Abbott H. Smith*, claims title to certain land by virtue of a deed to him from his grandfather, Benjamin Holmes, executed in August, 1878. The defendant *Charles W. Smith* is the father of the plaintiff and the son-in-law of Benjamin Holmes, and he claims title to the same land by virtue of a deed purporting to have been executed in April, 1878. This action was brought to set aside the last-named deed as a cloud on the plaintiff's title, on the ground that said deed had never in fact been executed with knowledge or understanding of the contents by Holmes, but was an imposition upon him by *Charles W.*, effected by false and fraudulent pretenses, and was without any consideration. The complaint also alleged that the deed to the plaintiff was made in pursuance of a promise made by said Holmes many years before, in consideration of the natural love and affection which he entertained for the plaintiff, and the sum of one dollar to him paid. Upon the hearing, there was evidence on the part of the plaintiff tending to show that Holmes did not read the deed so given to *Charles W.* at the time of its execution, and there was also evidence on the part of the defendant tending to show that he did read it, and that his name was signed by the scrivener in his presence and with his assent; but there was no evidence that the deed was read to him. It also appeared that Holmes

died November 4, 1878, at the age of ninety-four years; that, some time prior to the deed to the defendant, Holmes had given *Charles W.* another deed of the same property, to be held in trust for the plaintiff for a number of years, and then to be given to the plaintiff, which deed had been destroyed by Holmes; that after April, 1878, Holmes had lost confidence in *Charles W.*, and refused to let him do his business; that *Charles W.*, after the last deed to him, had referred to the property as belonging to the plaintiff; and that the scrivener, John A. Smith, who drew the deed and witnessed it, and took the acknowledgment, had for some time acted as attorney for Holmes, and was also a nephew, attorney and witness for the defendant. In February, 1880, the court found in favor of the validity of the deed to *Charles W.*, made in April, 1878, and against the plaintiff, and judgment was rendered accordingly. In June, 1880, the plaintiff moved for a new trial, basing his motion upon the complaint, a copy of the phonographic reporter's minutes of the evidence taken and filed in the action, and seven affidavits, in effect, that Holmes had for some years immediately prior to his death been wholly unable to read writing or print; and also an affidavit of the plaintiff, to the effect that the facts stated in such affidavits were unknown to him at the time of the trial, and were newly discovered evidence. On July 20, 1880, the court granted the motion, with costs to abide the event; and from this order the defendants appealed.

The cause was submitted for the appellants on a brief signed by *J. A. Smith*, their attorney, with *H. F. Smith*, of counsel.

For the respondent there was a brief by *J. V. & C. Quarles*, and oral argument by *J. V. Quarles*.

CASSODAY, J. This motion was in time. The statute, among other things, provides that a motion for a new trial, founded upon newly discovered evidence, may be made and heard at any time within one year from the finding, without a bill of

exceptions, upon affidavits, and the papers in the action, and a transcribed copy of the phonographic reporter's minutes. Section 2879, R. S.   The moving · papers were sufficient in form under this statute.   Were they sufficient in substance?   The statutes give to the circuit court a "discretion" in the granting or refusing of such motions.   Section 2832, R. S.   The circuit court being authorized by the statutes to exercise its discretion in granting the motion, this court will not interfère unless there has been a manifest abuse of such discretion. *Moll v. Semler*, 32 Wis., 228; *Seymour v. Sup'rs of Chippewa Co.*, 40 Wis., 62; *State ex rel. v. Hoeflinger*, 33 Wis., 594; *Hanson v. Michelson*, 19 Wis., 498; *Lewellen v. Williams*, 14 Wis., 687.   It is urged upon the part of the defendants, that the newly discovered evidence would merely tend to impeach the evidence given upon the trial.   It seems to us, however, that it ᵧoes much further.   The real question was, whether Holmes executed the deed knowing its contents, or it was an imposition.   If he actually read the deed, then he certainly knew its contents.   The evidence tending to show that he did not read the deed was, at most, merely inferential. His capacity to read at the time does not seem to have been questioned, much less considered.   If it is true, therefore, that for a year or so prior to his death he did not have capacity to read, then it would conclusively follow that he did not read, and that the evidence to the contrary must have been untrue. As to whether it was or was not untrue, we are not called upon to consider, but merely to consider the nature and materiality of the alleged newly discovered evidence.   It seems to us that it is a new class of evidence, bearing directly upon the question at issue.   Nor can we say that the plaintiff failed to show sufficient diligence.   Just how long the old gentleman's eye-sight had been impaired does not appear, but it would seem to have been only a year or two.   He seems to have been able to be out walking on the streets, and it would not be strange if there were many in the neighborhood who did not

know the fact that he was unable to read. The plaintiff's affidavit is to the effect that he discovered the new evidence since the trial, and did not know of it at or before the trial. A new trial can work no substantial injury to any one, and a refusal to grant it might possibly have worked a serious injury. From our examination of the record we are led to the conclusion that the granting of a new trial in this case was a proper exercise of judicial discretion. It may be that the circuit court should have imposed upon the moving party the payment of costs as a condition precedent, instead of leaving them to abide the event of the suit; but under the peculiar circumstances of this case we are not prepared to say that the omission of such condition was an abuse of discretion.

*By the Court.*— The order of the circuit court is affirmed.