E. RAY FENNO vs. R. H. CHAPIN.

April 28, 1881.

27  519
40   76

**Immaterial Evidence**—Certain evidence, offered on the trial, *held* to have been properly excluded as immaterial.

**New Trial—Newly-discovered Evidence**—The affidavits in support of a motion for a new trial, on the ground of newly-discovered evidence, *held* insufficient, for the reason that they failed to show that the party applying for the new trial could not, with reasonable diligence, have discovered and produced this evidence on the trial.

Appeal by plaintiff from an order of the district court for Steele county, *Buckham*, J., presiding, refusing a new trial.

*J. M. Burlingame* and *A. C. Hickman*, for appellant.

*Lewis L. Wheelock* and *Amos Coggswell*, for respondent.

MITCHELL, J.[1] This was an action to recover the possession of a "Rowell seeder," of which plaintiff claimed to be the owner. Defendant denied plaintiff's ownership, and alleged property in himself. A verdict was rendered for the defendant, and plaintiff moved for a new trial on the grounds of—*First*, errors in law occuring at the trial; *second*, newly-discovered evidence. The motion having been denied, the plaintiff appealed to this court.

Upon the trial it appeared from the evidence that the seeder in question originally belonged to plaintiff, and that he delivered the actual possession of it to one Jepson, under a contract of sale, and accepted from him his promissory notes for the purchase-money thereof, which contained the following condition: "The express conditions of the above contract for said seeder are such that the right or title of possession" (probably meaning title and right of possession) "does not pass from the said E. Ray Fenno until the same, with interest, is paid in full." That subsequently defendant, for a valuable consideration by him paid, purchased the said seeder from Jepson. Jepson never paid plaintiff the pur-

[1]Cornell, J., because of illness, took no part in this decision.

chase-money. Plaintiff claimed the seeder under the conditions contained in the notes referred to. Defendant claimed it as an innocent purchaser from Jepson for a valuable consideration. Defendant introduced evidence tending to prove that he had no notice of plaintiff's claim when he purchased from Jepson. Plaintiff introduced evidence tending to show that defendant purchased with notice of his claim. After showing that he had the exclusive right to sell these "Rowell seeders" in Steele county, plaintiff offered to prove that this fact was known to defendant, and that his (plaintiff's) name was upon the seeder in question. This evidence, being objected to as immaterial, was excluded by the court, to which ruling plaintiff excepted. This is the only exception taken by plaintiff on the trial. We think the ruling of the court excluding this evidence was correct. There was nothing in either of these facts, if proved, tending to charge defendant with notice of plaintiff's claim to the property.

Plaintiff's other ground of motion for a new trial, to wit, newly-discovered evidence, is supported by his own affidavit, that since the trial he has discovered that one Hadley, a resident of Owatonna, was present at the sale from Jepson to defendant, and heard Jepson tell him that plaintiff had a claim against the seeder, to which defendant replied that he would take it subject to such claim. This is supported by Hadley's affidavit. The only excuse offered by plaintiff for not producing Hadley as a witness on the trial was that he did not know that Hadley knew anything about the transaction until he heard the deposition of Jepson read on the trial. The deposition referred to was introduced by plaintiff himself, and was taken May 28th, (the trial occurred in June following,) and in the deposition Jepson had testified that Hadley was present at the sale by himself to defendant. Owatonna, the residence of Hadley, was the place of trial, and there is nothing to show that Hadley was absent from home. Under such circumstances, the court below was amply justified in refusing a new trial, for the reason, irrespective of

others, that the affidavits failed to show that plaintiff could not, with reasonable diligence, have discovered and produced this evidence at the trial.

Order affirmed.