KRUEGER, Respondent, vs. THE CITY OF MERRILL, Appellant.

*March 19 — April 6, 1886.*

*(1) New trial: Newly discovered evidence: Discretion. (2) Reversal of judgment: Immaterial error.*

1. It is not an abuse of discretion to refuse to grant a new trial on the ground of newly discovered evidence, when such evidence is merely cumulative.
2. The admission, in rebuttal, of evidence which impeached no one and was without any significance, *held* an immaterial error.

APPEAL from the Circuit Court for *Waupaca* County.

This action was brought to recover damages for personal injuries to the plaintiff, alleged to have been caused by a defective sidewalk in the defendant city. A trial of the action resulted in a verdict and judgment for the plaintiff. There seems to have been no controversy as to the place on the sidewalk where the plaintiff was injured. The ques-

tion chiefly litigated on the trial was whether there was a hole in the sidewalk at the point of injury. On this question the testimony is in direct conflict. Several witnesses who were there at or about the time of the injury testified to the existence of the hole. Several other witnesses, having equal means of knowledge, testified more or less positively that there was no hole there at the time. Many of the witnesses on both sides stated facts showing that their attention was particularly directed to the existence or non-existence of the alleged hole. After verdict, and before judgment, the defendant moved, on affidavits, for a new trial for newly discovered testimony. Such testimony is stated in affidavits made by one J. N. Cotter and one F. W. Stroud, neither of whom were witnesses on the trial. The city attorney also made an affidavit which satisfactorily shows that due diligence was used to discover such testimony before the trial. Cotter deposes that he is familiar with the sidewalk in question, and examined it shortly after the accident, on the same evening, and found no hole in it; also that he there met three men with a lantern examining the walk, and they found no hole in it. They were strangers to him. Stroud deposes that he occupied the store adjoining the sidewalk where the plaintiff was injured, and he knows that there was no hole in it at or about that time; also that he broke a plank in the sidewalk at that point the same fall, and repaired the walk in the afternoon of the same day. (The plaintiff was injured in the evening.) Stroud does not state whether he thus broke and repaired the plank before or after the plaintiff was injured. The foregoing statement contains the substance of the affidavits. The court denied the motion for a new trial, and judgment for the plaintiff was thereupon entered pursuant to the verdict. The defendant appeals from the judgment.

For the appellant there was a brief by *Bump & Hetzel*, and oral argument by *Mr. Hetzel*. They contended, *inter*

*alia*, that testimony is not merely cumulative when it tends to prove a distinct *fact* not testified to at the trial, although other evidence may have been introduced by the moving party tending to support the same *ground* of claim or defense to which such fact is pertinent. *Wilson v. Plank*, 41 Wis. 94; *Knox v. Bigelow*, 15 id. 415; *Helms v. Chadbourne*, 48 id. 690; *Gardner v. Mitchell*, 6 Pick. 114; *Russell v. Loomis*, 43 Wis. 545; *Stewart v. Stewart*, 41 id. 624; *Bailey v. Landingham*, 52 Iowa, 415; *Seeley v. Perry*, id. 747; *Dierolff v. Winterfield*, 26 Wis. 175. The new evidence should be such as likely to change the result, or to probably seriously affect the result, or cast a different complexion on the case. *Myers v. Brownell*, 16 Am. Dec. 729; *Smith v. Shultz*, 32 id. 33; *Fleet v. Hollenkemp*, 50 id. 767; *State v. Hornsby*, 41 id. 305; *People ex rel. Dickinson v. Sackett*, 14 Mich. 320; *Conradt v. Sixbee*, 21 Wis. 383; *Gans v. Harmison*, 44 id. 323. Even where evidence is cumulative, in some cases a new trial will be granted. *Myers v. Brownell*, 16 Am. Dec. 729; *Bailey v. Landingham*, 52 Iowa, 415.

For the respondent there was a brief by *Bardeen, Mylrea & Marchetti*, and oral argument by *Mr. Bardeen*.

LYON, J. 1. The principal error assigned is the refusal of the court to grant a new trial. The newly discovered evidence amounts to little more than additional testimony that the sidewalk at the place of injury was in good condition and unbroken when the accident happened. The circumstance of the breaking and repairing of the walk by Stroud is of little importance at best, and is of no importance if it occurred after the plaintiff was injured. Several witnesses having testified on the trial just as positively as Cotter and Stroud propose to testify, that there was no hole or other defect in the sidewalk, and those witnesses having equally as good means of knowledge on that subject as Cotter and Stroud have, the newly discovered evidence is

purely cumulative. Hence it was no abuse of discretion to deny the motion for a new trial.

The language of this court on a similar question in the late case of *Hinton v. Cream City R. Co.* 65 Wis. 323, is peculiarly applicable here. The litigated question there was whether the car bell was rung at a specified time and place. The trial court refused to open the case, after it had been argued to the jury, to admit the newly discovered testimony of one Webb tending to show that the bell was not so rung. This court said: "Several passengers who were in the car at the time testified that they heard no bell ring before the accident, and some of them assert more or less positively that none was rung. These witnesses had as good, perhaps better, opportunities than Webb to know whether the bell was or was not rung. The attention of some of them was directed to the matter by circumstances then present as strongly as was that of Webb, and they appear to be equally credible. These facts seem to render the proposed testimony of Webb entirely cumulative. It is not the case of different witnesses testifying to different specific facts, all tending to prove the same general proposition, but of different witnesses testifying to the same fact. Herein lies the distinction between this case and the cases of *Wilson v. Plank,* 41 Wis. 94, and *Smith v. Smith,* 51 Wis. 665, cited for defendant. We think it was within the sound discretion of the trial court to open the case and admit the testimony or to refuse to do so." We think that case is directly in point, and rules the present case.

2. An exception to the ruling of the court admitting certain testimony, against the objection of the defendant, will be briefly noticed. One Middlestead, a witness called by the defendant, testified that he was on the opposite side of the street when the plaintiff was injured; that he went over there and heard the men talking. He said: "They were talking in German when I got there." He then detailed a

conversation between the plaintiff and one of the party with him relative to the cause of the injury. The plaintiff, in rebuttal, denied having any such conversation, and was allowed to testify further, against the objection of the defendant, that he and the person it was alleged he talked with always talked in English, and that it was the rule of a military company to which both belonged that all orders be given in English.

Middlestead did not testify that the conversation detailed by him was in the German language. Hence the testimony objected to impeached no one, and was without the slightest significance. It ought to have been rejected as utterly immaterial. To hold that it might have affected the verdict would be an insult to the proverbial intelligence of the jury. It was a harmless error, which furnishes no justifiable ground for reversing the judgment. No other errors are assigned.

*By the Court.*— The judgment of the circuit court is affirmed.