## HART *vs.* JACKSON.

1. There was sufficient evidence in this case to authorize a verdict for the plaintiff.
2. A new trial will not be granted on account of newly discovered evidence, which is merely cumulative.

February 8, 1887.

New Trial. Evidence. Before Judge FORT. Schley Superior Court. March Term, 1886.

Reported in the decision.

B. B. HINTON; R. F. LYON, for plaintiff in error.

BUTT & LUMPKIN; W. H. McCRARY, by brief, for defendant.

BLANDFORD, Justice.

Jackson sued Hart for the value of a mule which he alleged he had sold him. Hart pleaded that the mule had been returned to Jackson, and that the trade had been cancelled. A verdict was had for Jackson. Hart moved for a new trial on the ground that the verdict was contrary to law and without evidence to support it; and upon the further ground of the newly discovered evidence of W. J. Ross and E. J. Stokes, who made their affidavit that, in February, 1883, Jackson had offered to sell them the mule. The testimony of Hart, upon the trial of the case, was that he had returned the mule to Jackson in satisfaction of Jackson's claim. Jackson denied this, and testified that he agreed with Hart to take back one mule (he had sold him two), and that Hart might return the other mule to his father, and in case the mule got well, he would take him back. Hart was to pay all the expenses of curing the mule. The evidence further showed that Hart had returned the mule to H. J. Jackson, the father of the plain-

tiff, and the mule had died. The court refused the motion for new trial, and this is excepted to, and error assigned to this court.

There was sufficient evidence to have authorized a ver-·dict for the plaintiff. The newly discovered evidence was cumulative, because Hart had already testified to the facts sought to be proved by Ross and Stokes; and it is well settled by this court that a new trial will not be granted for newly discovered evidence which is merely cumulative. So we think that the court committed no error in refusing to grant this new trial, and judgment is affirmed.