PLYER *v.* GERMAN-AMERICAN INS. CO.

(*Supreme Court, General Term, Second Department.*  May 14, 1888.)

1. WITNESS—IMPEACHMENT—FORMER WRITTEN STATEMENT.
   Where witnesses have made statements in writing different from those made on trial, and the statements are shown the witnesses, who acknowledge having made them, they may be read in evidence for the purpose of impeachment.[1]

2. SAME—EXAMINATION—FORMER STATEMENTS.
   A witness may properly be asked, for purposes of impeachment, if he has not made a different statement from that made by him at the trial.

3. MARINE INSURANCE—ACTIONS ON POLICIES—COMPLIANCE WITH STIPULATIONS.
   In an action on a marine insurance policy containing a stipulation that the vessel should be in charge of a watchman, plaintiff's uncontradicted evidence showed that there was a watchman in a yard near where the vessel lay, whose duty it was to watch this and other vessels.  *Held* proper to submit to the jury the question whether the stipulation was complied with.

4. NEW TRIAL—GROUNDS FOR—NEWLY-DISCOVERED EVIDENCE.
   A motion for a new trial, based on newly-discovered evidence, will not be granted where all the witnesses except one were sworn on the former trial, and the new evidence is only cumulative, though at variance with the former testimony.[2]

5. APPEAL—REVIEW—SUFFICIENCY OF EVIDENCE.
   In an action on a policy of insurance on a vessel while at anchor, there was an irreconcilable conflict of evidence as to whether the boat was afloat or beached at one end at the time of the fire.  *Held,* that the finding of the jury was binding on the appellate court.

Appeal from circuit court.

---

[1] On the subject of impeaching a witness by showing contradictory statements, see Zebley v. Storey, (Pa.) 12 Atl. Rep. 569, and note; Milligan v. Butcher, (Neb.) 37 N. W. Rep. 596, and note; Foster v. Worthing, (Mass.) 16 N. E. Rep. 572; Dunbar v. McGill, (Mich.) 37 N. W. Rep. 285; Owens v. Railroad Co., (Mo.) 8 S. W. Rep. 350.

[2] See note at end of case.

Action by William H. Plyer against the German-American Insurance Company on a policy of insurance issued on the mud-digger known as "Yard and Docks No. 125." There was the following stipulation in the policy: "It is understood that the said vessel is in charge of a watchman." There was a trial which resulted in a verdict and judgment for defendant. After trial, plaintiff moved for a new trial on the ground of newly-discovered evidence, which motion was denied, and he appealed from the judgment and the order denying the motion.

Argued before BARNARD, P. J., and PRATT, J.

*T. C. & G. N. Campbell,* for appellant.    *William D. Murray,* for respondent.

BARNARD. P. J.    The policy covered the vessel insured "while lying at anchor in Cow bay, Great Neck, L. I." The case was mainly tried upon the question of fact whether the vessel, at the time of the fire, was lying at anchor or was beached at one end, and never afloat at any state of the tide. Upon this question the witnesses are numerous on each side, and the testimony is irreconcilable. It is even difficult to harmonize the statements as resulting from an imperfect memory, or from a lack of close observation. At the time of the application for insurance, the insured vessel lay along-side of another vessel in the bay. After the insurance, she was moored; and the divergence from this point is absolute. The plaintiff's witnesses state that the vessel was burned between high and low water mark; that the vessel was always aground at low water; and the proof tends to show, on the part of the plaintiff, that the vessel floated at high water. On the other hand, the defendant's testimony tends to show that the shore where the vessel lay was bold; that the insured vessel drew very little water; that one end of her was floated up at high tide as high as she would go, and that she continued in that position until the time of the fire; that the vessel leaked, and, when the tide fell, the water ran out of her; and that she was not at anchor. Upon an issue thus litigated, the verdict of the jury is binding upon an appellate court. There was evidence tending to show that the vessel was imperfectly watched, it being a condition that she should be in charge of a watchman. It was proven that one Olley was a watchman in the Gregory yard near which the vessel lay, and that he watched this and other vessels. The judge submitted the question to the jury, with the remark that upon this point there was no "evidence to contradict the plaintiff's testimony." This was the proper course. It was not a matter of law, but was a fact to be found by the jury. The credibility of the witnesses was for the jury. Some of the plaintiff's witnesses had made statements in writing varying from those made upon the trial. These statements were shown the witnesses, and they admitted the statements, and the statements were read in evidence to impeach the trial evidence of these witnesses. This was in accordance with the rule of evidence. *Romertze* v. *Bank,* 49 N. Y. 577. A witness may be asked if he made a different statement as to a fact testified to on the trial, without the paper being produced. If the witness choose to answer, he may, without error. The answer was made by McGinty in the negative, and that did no harm to the plaintiff. It was proper, when the plaintiff offered the depositions taken before Referee Gould at the instance of the plaintiff, to take in the whole record. This included the statement annexed, made by the witness Runde. The case, with the findings of the jury, falls within the principle established and recognized in *Reid* v. *Insurance Co.,* 90 N. Y. 382; and the judgment should be affirmed, with costs.

The motion for a new trial upon the ground of newly-discovered evidence entirely falls within the rules governing such motions. The new evidence is stated to be to the effect that the fire burned off the fastening of the anchor, and that the vessel floated in shore before she sank, a fact entirely at war with the whole evidence upon the trial. It cannot be true without discredit to a

body of evidence which was deemed true impliedly by both parties upon the trial. Another new fact stated is that, after the fire, holes were bored in the bottom of the vessel for the water to run out, and that then they were plugged up, and the vessel floated. Both these new facts were within the issue tried. All of the witnesses but one to prove additional facts were sworn on the trial, and the new facts cannot be harmonized with their then testimony. They were all witnesses favorable to the plaintiff, even zealous. But it is a sufficient answer to the application to apply the rule that the newly-discovered evidence must not be cumulative, and the party seeking a new trial must not be chargeable with laches. These new facts ought to have been proven on the former trial. The motion should be denied, therefore, with $10 costs and disbursements.

PRATT, J., concurred.

### NOTE.

NEW TRIAL — NEWLY-DISCOVERED EVIDENCE. A new trial will be granted on the ground of newly-discovered evidence when it appears that the evidence was brought to the knowledge of defendant after the trial, and could not have been previously discovered, Greenwalt v. Tucker, 10 Fed. Rep. 884; Seeley v. Perry, (Iowa,) 3 N. W. Rep. 678; Kelleher v. Kenney, (Cal.) 4 Pac. Rep. 1095; Heathcote v. Haskins, (Iowa,) 38 N. W. Rep. 417; Norris v. Hix, Id. 395; or where the witness whose testimony is relied upon to furnish such evidence was a witness at the trial, Achorn v. Andrews, (Me.) 12 Atl. Rep. 793. The granting of a new trial for newly-discovered evidence is largely in the discretion of the trial judge, Eldridge v. Railway Co.. (Minn.) 20 N. W. Rep. 151; Insurance Co. v. Harvey, (Va.) 5 S. E. Rep. 553; the exercise of which will not be disturbed unless it appears that it violated a clear legal right of the appellant, or that it involved an abuse of judicial discretion, Lampsen v. Brander, (Minn.) 11 N. W. Rep. 94; Smith v. Smith, (Wis.) 8 N. W. Rep. 868; Regents v. Linscott, (Kan.) 1 Pac. Rep. 81.

A new trial will not be granted on the ground of newly-discovered evidence when such evidence is merely cumulative, or is upon unimportant matters in the case, or is of an impeaching character, or where, in the opinion of the court, such evidence, if produced, would not affect the action or verdict of a jury. Brown v. Evans, 17 Fed. Rep. 912; Marshall v. Mathers, (Ind.) 3 N. E. Rep. 120; Blackburn v. Crowder, (Ind.) 10 N. E. Rep. 933; Donnelly v. Burkett, (Iowa,) 34 N. W. Rep. 330; Ethridge v. Hobbs, (Ga.) 3 S. E. Rep. 251, Bailey v. Landingham, (Iowa,) 3 N. W. Rep. 460; Hickenbottom v. Railway Co., (Iowa,) 11 N. W. Rep. 652; Morrow v. Railway Co., (Iowa,) 16 N. W. Rep. 572; Halliday v. Briggs, (Neb.) 18 N. W. Rep. 55; Krueger v. City, (Wis.) 27 N. W. Rep. 836; Ketchum v. Breed, (Wis.) 26 N. W. Rep. 271; Baughman v. Penn, (Kan.) 6 Pac. Rep. 890; Reed v. Drais, (Cal.) 8 Pac. Rep. 20; Chandler v. Thompson, 30 Fed. Rep. 38; De Hart v. Aper, (Ind. ) 8 N. E. Rep. 275; Railroad Co. v. Boon, (Tex.) 1 S. W. Rep. 632; Walker v. Brown, Id. 797; Munro v. Moody, (Ga.) 2 S. E. Rep. 688; Hart v. Jackson, (Ga.) 3 S. E. Rep. 1; Fuller v. Harris, 29 Fed. Rep. 814; Pennsylvania Co. v. Nations, (Ind.) 12 N. E. Rep. 309; Cirkel v. Ellis, (Minn.) 31 N. W. Rep. 513; Railway Co. v. Wood, (Tex.) 7 S. W. Rep. 372; McCormick v. Railroad Co., (Colo.) 17 Pac. Rep. 542; Petefish v. Watkins, (Ill.) 16 N. E. Rep. 248.

On the application the party moving must show—*First,* that the proposed evidence has been discovered since the trial, and that due diligence was exercised to discover it prior to that time; *second,* that the evidence is competent and material. Town of Manson v. Ware, (Iowa,) 19 N. W. Rep. 275; Carson v. Henderson, (Kan.) 8 Pac. Rep. 727; Brickley v. Walker, (Wis.) 32 N. W. Rep. 773; Fenno v. Chapin, (Minn.) 8 N. W. Rep. 762. The affidavit must set forth the facts relied upon as constituting due diligence on the part of the applicant. Gorachi v. Hintz, (Neb.) 14 N. W. Rep. 379; Smith v. Wagaman, (Iowa,) 11 N. W. Rep. 713; Pinschowers v. Hanks, (Nev.) 1 Pac. Rep. 454; Wilkes v. Wolback, (Kan.) 2 Pac. Rep. 508; Ross v. Sedgwick, (Cal.) 10 Pac. Rep. 400; Patterson v. Collier, (Ga.) 3 S. E. Rep. 119; Moores v. Wills, (Tex.) 5 S. W. Rep. 675; Allen v. Bond, (Ind.) 14 N. E. Rep. 492; Poullain v. Poullain, (Ga.) 4 S. E. Rep. 81; Boot v. Brewster, (Iowa,) 36 N. W. Rep. 469; Railway Co. v. Wood, (Tex.) 7 S. W. Rep. 372; Pemberton v. Johnson, (Ind.) 15 N. E. Rep. 801; Lee v. Bermingham, (Kan.) 18 Pac. Rep. 219; Mercer v. Mercer, (Ind.) 17 N. E. Rep. 182.

Where the affidavit in support of the application is met by counter-affidavits, and there is no probability upon the record that the result would be affected, a new trial will be refused. Peterson v. Faust, (Minn.) 14 N. W. Rep. 64.