SMITH, Appellant, vs. CHAMPAGNE and another, Respondents.

*October 10 — November 8, 1888.*

*(1) New trial: Discretion: Newly discovered evidence. (2) Logs and timber: Wrongful cutting: Measure of damages: Evidence.*

1. The granting of a new trial, whether for newly discovered evidence or for other causes, is very much in the discretion of the trial court, and its order in that behalf will not be reversed unless there appears to have been an abuse of discretion.

2. Sec. 4269, R. S., is penal in its nature, and to authorize the recovery of the damages therein prescribed the evidence ought to be clear and satisfactory.

Smith vs. Champagne and another.

APPEAL from the Circuit Court for *Lincoln* County.

The case is stated in the opinion.

For the appellant there was a brief by *Cate, Jones & Sanborn*, and oral argument by *D. Lloyd Jones*.

For the respondents there was a brief by *Bump & Hetzel*, and oral argument by *E. L. Bump*.

ORTON, J. This action is brought to recover the highest market price, of $6 per thousand feet, for cutting and removing 600,000 feet of pine timber and logs from a tract of land then belonging to the state and since purchased by the plaintiff. The defendants are charged with having committed such trespasses since January 1, 1880. The defendant *Champagne* admits, in his answer, that he cut and removed from said land 400,000 feet of pine logs in the winter of 1877 and 1878, and denies that he has done any such cutting within the period of six years before the commencement of this action, and denies the other allegations of the complaint. The defendant *Woodlock*, by answer, denies having cut or removed any pine timber or logs from said land. The important question on the trial was whether the defendants did any such cutting, and if so how much, within the period of limitation of such an action. The jury rendered a verdict against said defendants of $1,510.09. The defendants thereupon moved the court to set aside the verdict, and for a new trial, on the grounds that the verdict is contrary to law and evidence, that the damages are excessive, that errors were committed in admitting and rejecting testimony, that the defendants were taken by surprise, and that they are now able to procure newly discovered evidence. The motion was based on the minutes of the court, the reporter's minutes of the testimony, and upon several affidavits. The motion for a new trial was granted, but upon what grounds we are not informed by the record.

The granting of a new trial by the trial court is very

much a matter of discretion, and the order will not be reversed by this court unless there appears to have been an abuse of such discretion. *Smith v. Lander*, 48 Wis. 587; *Bearrs v. Sherman*, 56 Wis. 55; *McLimans v. Lancaster*, 57 Wis. 297; *Kayser v. Hartnett*, 67 Wis. 250; *Mullen v. Reinig*, 68 Wis. 408. It is a matter of discretion to grant a new trial for newly discovered evidence as for other causes. *Smith v. Smith*, 51 Wis. 665; *Hinton v. C. C. R. Co.* 65 Wis. 334; *Krueger v. Merrill*, 66 Wis. 28. In this case we do not think there was an abuse of a sound legal discretion in granting the new trial, and therefore we do not wish to prejudice the case on another trial by saying much about the testimony upon which the verdict was rendered or the newly discovered evidence. To say the least, the testimony was very contradictory and mainly circumstantial. The verdict, which was reduced to the nicety and precision of *nine cents*, would seem to have been adjusted by some arbitrary mathematical process, or by a compromise, rather than by the rule of strict proof; but such appearance may be deceptive. We think, also, that the defendants have some ground for claiming that they were surprised by the trial at the time, when not as well prepared with their evidence as they might have been with more notice or delay; and we do not think that the newly discovered evidence is *merely* cumulative, but might have a bearing upon some new questions. The circuit court has the advantage of having heard the testimony on the trial, and could better judge of its proper weight and effect than this court upon a mere record of it. We may well hesitate to revise the judgment of that court in such a case, where the evidence is not very clear or conclusive, and without knowing upon what particular grounds such judgment was based. By the statute which makes the amount of the damages in such a case depend upon the intent or *quo animo* of the trespasser, the action may well be called *penal* in its character; and, to

recover the highest market value of the property in any form which it has assumed, the evidence ought to be clear and satisfactory. The real justice of the case will not probably suffer by the result of a new trial.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.